UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VRINGO INC.

               Plaintiff,

v.

ZTE CORPORATION, and
ZTE USA Inc.,

               Defendants

Civil Action No. 14 CV 4988

---

### DECLARATION OF ALEXANDER R. BERGER
### IN SUPPORT OF VRINGO'S MOTION FOR TEMPORARY INJUNCTIVE RELIEF

**Alexander R. Berger** declares as follows pursuant to 28 U.S.C. § 1746:

1. I am Chief Operating Officer, Secretary and a member of the Board of Directors of plaintiff Vringo, Inc. ("Vringo") and its subsidiaries. I have been employed by Vringo since 2012.

2. I submit this declaration in support of Vringo's motion for temporary injunctive relief against ZTE Corporation ("ZTE Corp."), and ZTE USA Inc. ("ZTE USA") (collectively, "ZTE"). Specifically, Vringo seeks to enjoin ZTE from any further use of Vringo's confidential information provided pursuant to a Non-Disclosure Agreement dated December 6, 2013 ("NDA"), including by: (a) prohibiting ZTE and its affiliates from benefiting from ZTE's current NDA breaches by requiring ZTE to withdraw a lawsuit it filed in the Chinese Courts that contains information subject to the NDA ("NDA Material"), to claw back the lawsuit and its supporting documentation, and to ensure that there is no public hearing to discuss the Chinese Complaint; (b) barring ZTE and its

affiliates from pursuing similar litigation in the relevant Chinese Courts; (c) ordering ZTE and its affiliates to withdraw any NDA Material that they may have provided to any other court and tribunal and provide notice to Vringo of any circumstances in which they have provided that NDA Material to that court or tribunal; and (d) prohibiting ZTE and its affiliates from referencing any NDA Material in any pending or future litigation, arbitration, or proceeding. I make this declaration on the basis of my own personal knowledge and a review of the business records available to me.

## ZTE'S INFRINGEMENT OF VRINGO'S INTELLECUTAL PROPERTY

3.      Vringo, through its wholly-owned subsidiaries, possesses an intellectual property portfolio containing more than 600 patents and patent applications covering telecom infrastructure, internet search, and mobile technologies. Companies that make, distribute and sell products using Vringo's patents- must obtain a license for the use of those patents. ZTE has refused to pay *any* license fees to Vringo on any of its products that infringe Vringo's patents. As a result, since 2012, Vringo has brought patent infringement litigation against ZTE and its subsidiaries in multiple locations around the world where ZTE sells products that infringe Vringo's patents. Vringo has filed cases against ZTE and its subsidiaries in the United Kingdom, Germany, India, France, Spain, and Australia, Malaysia and Romania. Vringo believes that the ZTE's potential liability for ZTE's infringement of Vringo's patents totals in the hundreds of millions of dollars.

## VRINGO'S MEETING WITH ZTE

4.      In December 2013, ZTE and Vringo agreed to meet to discuss possible settlement. Vringo hoped that the meeting would open negotiations between the parties to set a fair, reasonable and nondiscriminatory price that ZTE would pay to license Vringo's

standard essential patents and to settle the litigations pending in jurisdictions around the world. The only way to create an environment for productive discussions with good faith settlement offers was agree to exchange information setting forth the parties' respective positions pursuant to a stringent agreement providing that this information could never be used in any court or tribunal. Vringo and all of its subsidiaries, and ZTE Corp. and all of its subsidiaries therefore entered into the NDA. A true and correct copy of this NDA has been attached to the Complaint filed by Vringo today as Exhibit A.

5. Paragraph two of the NDA specifically provides that "any and all statements made, positions taken, or documents used or exchanged by either Party during" the settlement negotiations "shall be confidential, inadmissible, and without prejudice and shall not be used or referenced in any way by any Party in any existing or future judicial or arbitration proceedings or made the subject of any public comment or press release."

6. Four days after the NDA was signed, on December 10, 2013, the parties met. Such meeting would not have been possible without the NDA. Vringo presented ZTE with a detailed, comprehensive settlement proposal via a forty-page presentation (the "Confidential Presentation"). To ensure that it was made clear to ZTE that every portion of that presentation was protected by the NDA, Vringo placed the following all-caps label on every single page of the Confidential Presentation.

**CONFIDENTIAL - VRINGO/ZTE SETTLEMENT DISCUSSIONS SUBJECT TO NDA**

### ZTE'S IMPROPER DISCLOSURE OF VRINGO'S INFORMATION

7. On June 26, 2014, Vringo received via the United States Postal Service papers sent from ZTE in China, in an apparent attempt to provide service of process. A true and correct copy of redacted relevant portions of an English language document that

purports to be a translation of what appears to be a Chinese complaint dated February 21, 2014 is attached to the Complaint filed by Vringo today as <u>Exhibit C</u>. This complaint states, "In the second price quotation in December 2013, the Defendant [Vringo] actually intended to charge the Plaintiff USD **[REDACTED]** for its standard-essential patents portfolio license . . ." which could only refer to the parties' meeting pursuant to the NDA. ZTE uses Vringo's highly confidential opening offer as the basis for its claims that the offer constitutes an abuse of monopoly power.

8. The papers Vringo received showed that Vringo's entire Confidential Presentation had been provided to the Chinese court. ZTE's complaint was accompanied by an "Evidence List" (a true and correct copy of which is attached to the Complaint filed by Vringo today as <u>Exhibit D</u>) and fourteen exhibits. Exhibit number eight on that list, which is described as "the second offer from defendant to plaintiff and its translation", with an alleged "purpose of evidence" that "the defendants abuse its [sic] dominant market positions," is Vringo's Confidential Presentation.

9. The document that has been attached to the Complaint filed by Vringo today as <u>Exhibit B</u> is a true and correct copy of only the cover page of the Confidential Presentation that we received on June 26, 2014 as exhibit eight to ZTE's Chinese complaint. Pursuant to the terms of the NDA, we are not attaching any substantive portion of the Confidential Presentation, but are attaching the cover page to demonstrate the size and prominent placement of the

CONFIDENTIAL - VRINGO/ZTE SETTLEMENT DISCUSSIONS SUBJECT TO NDA

label which appears on each page of the Confidential Presentation. On pages two through forty of this Confidential Presentation, the same legend appears at the bottom of each page in the same size and font.

10. Until Vringo saw these documents last week, Vringo was unaware that its Confidential Presentation and settlement offer had been used as the basis for what appears to be a four month old antitrust proceeding in China. The purpose of this Chinese proceeding appears to be an attempt to obtain a home-court opinion that ZTE can then use to undermine Vringo's worldwide patent infringement actions against ZTE and its subsidiaries' unlicensed use of Vringo's intellectual property.

11. Vringo's economic worth as an enterprise is based in substantial part on the value of its patent portfolio, which it licenses to third parties. If this information is ever made public, it will have lasting, irreparable harm on Vringo because every other third party will be aware of what Vringo was willing to offer in compromise and will use that in negotiations against Vringo.

12. ZTE is also simultaneously asserting similar antitrust arguments at least in the European Union and potentially in other jurisdictions other jurisdictions. As far as Vringo knows, this NDA Material has not been provided in any other court. However, based on ZTE's actions in China, Vringo is concerned that ZTE will attempt to use this NDA Material in the other jurisdictions. Vringo is also concerned that ZTE could have already secretly provided the NDA Material to another court or tribunal somewhere else in the world.

13. No request for the relief sought herein has previously been made by Vringo to this or any other court.

*[Signature Page to Declaration of Alexander R. Berger
in Support of Vringo's Motion for Temporary Injunctive Relief]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 1st, 2014 in New York City, New York.

_____
Alexander R. Berger