UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VRINGO INC.
VRINGO INFRASTRUCTURE, INC.

                            **Plaintiffs,**

v.

ZTE CORPORATION, and
ZTE USA Inc.,

         **Defendants**

Civil Action No. 14cv4988

---

### Declaration of Douglas Stephen Clark

I, Douglas Stephen Clark, of 8/F Far East Finance Centre, 16 Harcourt Road, Hong Kong, submit the following declaration in the above-captioned case. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1. I am a barrister of the High Court of Hong Kong. I have been practicing as a barrister since 2011. Prior to that, I was a solicitor of the High Court of Hong Kong, having been admitted in 1995. I am also admitted as a solicitor in England (1998) and as a barrister and solicitor in Victoria, Australia (1995).

2. Prior to becoming a barrister, I was the Managing Partner of the International Law firm Hogan Lovells' Shanghai Office and head of its Mainland China Intellectual Property Practice. I was also co-head of Hogan Lovells' international patent practice. I was based in Shanghai from 2000 and practiced there for 11 years. In my practice in China, I handled with the assistance of local counsel hundreds of litigation cases in the courts of the People's Republic of China. In 2011, I published a book, Patent Litigation in China, through Oxford University Press. A second edition will be published next year, 2015. Since becoming a barrister, I have continued to advise clients on litigation matters in China, and am currently handling (with local counsel) matters for a number of clients in the PRC courts.

3. I have been asked to comment on the procedure regarding the filing of complaints in Chinese courts and attached exhibits.

4. The procedure for filing a complaint in the court of the Mainland of the People's Republic of China is that a case is filed to the Acceptance Chamber of a court which the party bringing the complaint believes has jurisdiction. A judge or judges in the Acceptance Chamber will review the complaint to confirm it complies with formality requirements, that the court has, at least, prima facie jurisdiction and that there are sufficient facts to support the complaint. The Acceptance Chamber may also consult with the President of the Court or other judges in important cases. The case ZTE has brought against Vringo in the Shenzhen Intermediate Court, Guangdong Province involving the international application of China's Anti-Monopoly Law would be considered an important case and, based on my experience in such matters, it is likely that a number of judges in the Shenzhen court, and possibly in the Guangdong Higher People's Court (which is the appellate court for all intellectual property cases filed in intermediate courts in Guangdong Province), have reviewed the complaint and accompanying exhibits.

5. Once the complaint is accepted, the court will assign the case to a panel of judges and pass the complaint to these judges. The case against Vringo has been assigned to the intellectual property chamber of the Shenzhen Intermediate People's Court.

6. Although complaints are not generally available for public search as they are in the United States or other jurisdictions, there is no specific provision in the Chinese Civil Procedure Law that requires complaints and the exhibits attached to them to be kept confidential.

7. The first hearing of the case brought by ZTE has been scheduled for 14 August 2014. This will be an evidence exchange hearing followed by the first substantive hearing on 15 August 2014. Both hearings will be open to the public. At the evidence exchange hearing the parties will be required to explain the relevance of each piece of evidence that has been submitted.

8. In my experience, certain, generally, well-connected lawyers not involved in a particular case, have been able to access court files to obtain documents that have been filed in the case. While this has become less common in recent years, it is possible that other individuals uninvolved in the case could access the court file.

9. Finally, I add that the Chinese government has recently announced that from early next year a Intellectual Property Court for Guangdong Province will be created. The specific details have not been announced, but the intention is that the new court will handle all intellectual property cases in Guangdong Province. As mentioned, the case ZTE has filed against Vringo has been assigned to the Intellectual Property Chamber of the Shenzhen Intermediate People's Court. When the new Guangdong Intellectual Property Court is created, I expect the case will be transferred to that court. Judges from the current IP Chambers of

local intermediate courts are likely to be assigned to the new IP court and, accordingly, judges from Shenzhen with knowledge ZTE's filings will be assigned to the new IP Court.

Executed on July 2, 2014

_____
Douglas Clark