UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VRINGO, INC.

                    Plaintiff,

v.                                            Civil Action No. 14 CV 4988

ZTE CORPORATION, and
ZTE USA Inc.,

                    Defendants

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION

ALSTON & BIRD LLP

KARL GEERCKEN
AMBER WESSELS-YEN
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................... ii

PRELIMINARY STATEMENT .................................................................................. 1

STATEMENT OF FACTS .......................................................................................... 3

ARGUMENT ............................................................................................................... 6

    I.     Irreparable Harm ........................................................................................... 7

    II.    Likelihood of Success on the Merits ............................................................ 9

    III.   Balancing of the Equities ........................................................................... 10

CONCLUSION ......................................................................................................... 11

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*CJ Products LLC v. Snuggly Plushez LLC,*
    809 F. Supp. 2d 127 (E.D.N.Y. 2011) ...................................................................................6

*Hirschfeld v. Stone,*
    193 F.R.D. 175 (S.D.N.Y. 2000) ......................................................................................8

*Iannucci v. The Segal Company, Inc.,*
    No. 06 Civ. 4720 (PKL), 2006 U.S. Dist. LEXIS 43339 (S.D.N.Y. Jun. 26, 2006) ...............9

*IDG USA, LLC v. Schupp,*
    No. 10-cv-76S, 2010 U.S. Dist. LEXIS 84668 (W.D.N.Y. Aug. 15, 2010),
    *aff'd in part, rev'd in part on other grounds,* 416 F. App'x 86 (2d Cir. 2011) ....................8, 9

*MyWebGrocer, LLC v. Hometown Info., Inc.,*
    375 F.3d 190 (2d Cir. 2004)..............................................................................................6

*N. Atl. Instruments, Inc. v. Haber,*
    188 F.3d 38 (2d Cir. 1999)................................................................................................9

*S.C. Johnson & Son, Inc. v. Clorox Co.,*
    241 F.3d 232 (2d Cir. 2001)..............................................................................................6

*Suchodolski Assocs. v. Cardell Fin. Corp.,*
    No. 03 Civ. 4148 (WHP), 2004 U.S. Dist. LEXIS 1427 (S.D.N.Y. Feb. 3, 2004)....................7

*Tribune Co. v. Purcigliotti,*
    93 Civ. 7222, 1996 U.S. Dist. LEXIS 8433 (S.D.N.Y. June 19, 1996)................................11

*Willis of New York, Inc. v. DeFelice,*
    299 A.D. 2d 240, 750 N.Y.S.2d 39 (1st Dep't 2002) ............................................................8

*Wisdom Imp. Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.,*
    339 F.3d 101 (2d Cir. 2003)..............................................................................................7

**Statutes and Rules**

Fed. R. Civ. P. 65 ...................................................................................................................1

Fed. R. Evid. 408 ...................................................................................................................11

LEGAL02/34937594v1

Plaintiff Vringo, Inc. ("Vringo") respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 65 for an order temporarily restraining and preliminarily enjoining Defendant ZTE Corporation ("ZTE Corp."), and ZTE USA Inc. ("ZTE USA") (collectively, "ZTE") from breaching their obligations pursuant to the Non-Disclosure Agreement between Vringo and ZTE Corp., dated December 6, 2013 (the "NDA"), a copy of which is attached as Exhibit A to the Complaint filed simultaneously herewith in this Action (the "Complaint").

## PRELIMINARY STATEMENT

This Complaint and motion are filed in response to ZTE's latest attempt to foil the enforcement of Vringo's worldwide patent infringement claims against ZTE, for which Vringo believes ZTE's liability is in the hundreds of millions of dollars.  In an effort to prejudice the patent litigations Vringo has commenced in courts throughout the world, ZTE has recently filed an antitrust complaint in China (the "Chinese Complaint").  The Chinese Complaint – in blatant breach of ZTE's obligations under the NDA – is based on and even attaches confidential settlement information ZTE received from Vringo in connection with confidential settlement discussions covered by the NDA.  The confidential information ZTE disclosed in the Chinese Complaint includes a detailed presentation of Vringo's settlement position – including Vringo's opening settlement offer.  It is axiomatic that ZTE's use of this information in a public court action not only unfairly prejudices Vringo's ability to defend itself in the Chinese court, but it also puts Vringo at a serious competitive disadvantage if information about Vringo's settlement position – particularly Vringo's settlement offer– are publicly disseminated.

Accordingly, Vringo urgently requires the following injunctive relief to prevent irreparable and imminent harm to Vringo's legal and competitive interests:

a.   That ZTE, its subsidiaries, officers, agents, servants and employees and those persons in active concert or participation with any of them, be ordered to withdraw their current Chinese Complaint, to claw back the Chinese Complaint and all of its supporting documentation immediately, and to ensure that there is no public hearing to discuss the Chinese Complaint;

b.   that ZTE, its subsidiaries, officers, agents, servants and employees and those persons in active concert or participation with any of them, are temporarily restrained (pending a resolution of Vringo's Complaint) and enjoined from pursuing any further litigation in the Shenzhen Court or any other court in the Guangdong Province regarding any same or similar claims involving Vringo and licensing negotiations or patent enforcement;

c.   That ZTE, its subsidiaries, officers, agents, servants and employees and those persons in active concert or participation with any of them, be ordered to withdraw any NDA Material that it may have provided to any other court and tribunal and provide notice to Vringo of any circumstances in which it has provided that NDA Material to that court or tribunal.

d.   that ZTE, its subsidiaries, officers, agents, servants and employees and those persons in active concert or participation with any of them, are temporarily restrained (pending a resolution of Vringo's Complaint) and enjoined from referencing in any pending or future litigation or arbitration

the Confidential Presentation, any information contained in it, and/or any other information provided by Vringo pursuant to the NDA.

## STATEMENT OF FACTS

The facts underlying this dispute are set forth in full detail in the Complaint, the Declaration of Alexander Berger sworn to on July 1, 2014 (the Berger Decl."), and the Declaration of Douglas Clark sworn to on July 2, 2014 (the Clark Decl."), and will only be recited briefly herein.

Vringo, through its wholly-owned subsidiaries, possesses an intellectual property portfolio containing more than 600 patents and patent applications covering telecom infrastructure, internet search, and mobile technologies. *See* Berger Decl. ¶ 3. Companies that make, distribute and sell products using Vringo's patents- must obtain a license for the use of those patents. ZTE has refused to pay *any* license fees to Vringo on any of its products that infringe Vringo's patents. *Id.* As a result, since 2012, Vringo has brought patent infringement litigation against ZTE and its subsidiaries in multiple locations around the world, including in Australia, Brazil, France, Germany, India, Malaysia, the Netherlands, Romania, Spain, and the United Kingdom. *Id.* It is Vringo's belief that ZTE's liability for its past and future use of these patents is in the hundreds of millions of dollars. *Id.*

Vringo and ZTE agreed to meet in December to discuss possible settlement. *Id.* at ¶ 4. To facilitate these discussions, the parties entered into the NDA. *Id.* The NDA states, in relevant part:

    a.    "The Parties are currently engaged in litigation in several jurisdictions" and "wish to enter into discussions to explore a potential settlement of

3

some portion of or all of the outstanding litigation as well as any other disputes between the Parties." Complaint Exhibit A, NDA, Sec. 1.

b. "any and all statements made, positions taken, or documents used or exchanged by either Party during" the settlement discussions "shall be confidential, inadmissible, and without prejudice and shall not be used or referenced in any way by any Party in any existing or future judicial or arbitration proceedings or made the subject of any public comment or press release." *Id.*, Sec. 2.

c. "The Parties agree that money damages may not be a sufficient remedy for any breach of this Agreement and that, in addition to all other remedies to which it may be entitled, the Parties will be entitled to seek equitable relief, including injunction and specific performance, for any actual or threatened breach of the provisions of this Agreement, in each case, without the necessity of posting bond or other security or proving actual damages." *Id.*, Sec. 10.

Vringo provided confidential settlement documents and information subject to the NDA to ZTE, including a detailed, comprehensive settlement proposal via a forty-page powerpoint presentation (the "Confidential Presentation"). Berger Decl. ¶ 6. To ensure that it was made clear to ZTE that every portion of that presentation was protected by the NDA, Vringo placed the all-caps label:

CONFIDENTIAL - VRINGO/ZTE SETTLEMENT DISCUSSIONS SUBJECT TO NDA

on every single page of that Confidential Presentation. *Id.*

On June 26, 2014, Vringo received via mail papers sent from the Shenzhen Court, in an apparent attempt to provide service of process. *Id.* at ¶ 7. The Chinese Complaint states "In the second price quotation in December 2013, the Defendant [Vringo] actually intended to charge the Plaintiff USD **[REDACTED]** for its standard-essential patents portfolio license . . . ."[1] – which could only refer to the parties' settlement discussions pursuant to the NDA. *Id.* ZTE then argues that the opening offer is an abuse of monopoly power. *Id.*

Even worse, the Chinese Complaint attaches as an exhibit the entire Confidential Presentation ZTE received from Vringo in connection with the settlement discussions. *Id.* at ¶ 8. Vringo did not become aware of the disclosure of this opening offer and the Confidential Presentation (collectively, the "NDA Material") until last week when it saw the Chinese Complaint. *Id.* at ¶ 10.

Because of Chinese Civil Procedure rules, ZTE provided Vringo's NDA Material to the Shenzhen Court *ex parte* on February 21, 2014, and Vringo only learned of ZTE's breach after multiple judges in the Shenzhen Court and possibly the Guangdong Higher People's Court ("Guangdong Appellate Court") (the appellate court for all intellectual property cases filed in the Guangdong Province) have had access to, and carefully considered, the material for more than four months. Clark Decl. ¶¶ 4-5.

Vringo's economic worth as an enterprise is based in very large measure on the value of its patent portfolio, which it licenses to third parties. Berger Decl. ¶ 11. If this NDA Material is made public, it will have lasting, irreversible harm on Vringo because every other third party will be aware of what Vringo was willing to offer in compromise

---

[1] For the purpose of this memorandum, Vringo has redacted the offer from the above quote.

and will use that in negotiations against Vringo. *Id.* The Shenzhen Court has scheduled a first hearing of the case brought by ZTE to take place on August 14, 2014 dedicated to exchanging evidence. In this hearing, which will be **open to the public**, ZTE will be required to discuss and explain the relevance of the Confidential Presentation. Clark Decl. ¶ 7.

ZTE is also simultaneously asserting similar antitrust arguments at least in the European Union and potentially in other jurisdictions. Berger Decl. ¶ 12. As far as Vringo knows, this NDA Material has not been provided in any other court. *Id.* However, based on ZTE's actions in China, Vringo is very concerned that ZTE will attempt to use this NDA Material in the other jurisdictions. *Id.* Vringo is also very concerned that ZTE could have also already secretly provided the NDA Material to another court or tribunal worldwide. *Id.*

## ARGUMENT

Whether to grant or deny a preliminary injunction lies within the sound discretion of the district court. *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 237 (2d Cir. 2001). A "party seeking a preliminary injunction must demonstrate (1) irreparable harm in the absence of the injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *CJ Products LLC v. Snuggly Plushez LLC*, 809 F. Supp. 2d 127, 140-41 (E.D.N.Y. 2011), citing *MyWebGrocer, LLC v. Hometown Info., Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (internal quotation marks and citation omitted).

LEGAL02/34937594v1

2.      Vringo meets this test.  The NDA places strict restrictions on the use of confidential settlement information exchanged between the parties:

> [A]ny and all statements made, positions taken, or documents used in or exchanged by either Party during the course of the Discussions ("Confidential Information") shall be confidential, inadmissible, and without prejudice and **shall not be used or referenced in any way by any Party in any** existing or **future judicial** or arbitration **proceedings** . . . .

Complaint Exhibit A, NDA, Sec. 1. (emphasis added).

It is beyond dispute that ZTE has breached the NDA by using Vringo's NDA Material in litigation against Vringo, and that ZTE has caused irreparable injury to Vringo by obtaining an unfair advantage in the Chinese Action.  It is also clear that Vringo stands to suffer further imminent and irreparable harm if information about Vringo's settlement position is publicly disclosed and publicly disseminated. Accordingly, this Court should issue the requested temporary restraining order and injunction requiring ZTE to withdraw the Chinese Complaint and enjoining ZTE from violating the NDA in the future in order to avert further irreparable harm to Vringo's legal and competitive interests.

## I.      Irreparable Harm

The Second Circuit has defined "irreparable harm" as certain and imminent harm for which a monetary award does not adequately compensate.  *Wisdom Imp. Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101, 113-14 (2d Cir. 2003); *Suchodolski Assocs. v. Cardell Fin. Corp.*, No. 03 Civ. 4148 (WHP), 2004 U.S. Dist. LEXIS 1427, at **11-12 (S.D.N.Y. Feb. 3, 2004).  Thus, only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief.

It is well-established in New York law that the disclosure of confidential information constitutes irreparable harm. *See, e.g., IDG USA, LLC v. Schupp*, No. 10-cv-76S, 2010 U.S. Dist. LEXIS 84668 (W.D.N.Y. Aug. 15, 2010) (granting preliminary injunction enjoining defendant from using confidential information), *aff'd in part, rev'd in part on other grounds*, 416 F. App'x 86 (2d Cir. 2011); *Hirschfeld v. Stone,* 193 F.R.D. 175, 187 (S.D.N.Y. 2000) (granting preliminary injunction enjoining the disclosure of medical and information and holding that the disclosure of confidential information "is the quintessential type of irreparable harm that cannot be compensated or undone by money damages); *Willis of New York, Inc. v. DeFelice,* 299 A.D. 2d 240, 243, 750 N.Y.S.2d 39, 42 (1st Dep't 2002) (granting injunction enjoining former employees from disclosing confidential business information and holding that plaintiffs satisfied the irreparable harm requirement by showing that "the use and disclosure of their confidential information by [defendants] was likely to occur").

The irreparable harm that results from ZTE's use of the NDA Material in litigation is actual, imminent, and severe.  ZTE has breached its contractual obligation under the NDA in order to obtain an unfair advantage in the Chinese action.  While damage has already been done now that the Shenzhen Court and potentially the Guangdong Appellate Court has received and considered Vringo's confidential settlement information, this harm pales in comparison to the harm Vringo would suffer if the Chinese Action were to proceed based on a complaint that relies heavily on the NDA Material that should not be before any court.  What's more, the harm to Vringo's competitive interests that would result if Vringo's settlement offer -- which is now filed in a public court action -- becomes available to Vringo's competitors and customers is

8

unmeasurable and arguably a multiple of the amounts at issue in the Chinese Action. An injunction requiring withdrawal of the Chinese Complaint and enjoining future breaches of the NDA is, therefore, urgently necessary to prevent serious, imminent and irreparable injury to Vringo's legal and competitive interests.

Furthermore, by signing the Non-Disclosure Agreement, ZTE expressly recognized that "money damages may not be a sufficient remedy for a breach of the [NDA] and that ... the Parties will be entitled to seek equitable relief, including injunction and specific performance." Similar acknowledgements have been considered by New York courts in finding irreparable harm. *See, e.g., IDG USA*, 2010 U.S. Dist. LEXIS 84668, at *27; *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 49 (2d Cir. 1999) (finding irreparable harm where the non-movant had "acknowledged in his Employment Agreement that a breach of the confidentiality clause would cause 'irreparable injury' to the [movant]"). In *Iannucci v. The Segal Company, Inc.*, this Court even held that such an acknowledgment "might arguably be viewed as an admission by [defendant] that plaintiff will suffer irreparable harm were he to breach the contract." No. 06 Civ. 4720 (PKL), 2006 U.S. Dist. LEXIS 43339, at *12 (S.D.N.Y. Jun. 26, 2006).

Accordingly, Vringo has met its burden of showing irreparable harm absent issuance of an injunction under New York law.

## II.   Likelihood of Success on the Merits

Vringo is also able to establish breach of the NDA by undisputable documentary evidence.

The NDA is a valid and enforceable contract that was entered into by the parties to this litigation to facilitate the exchange of documents and information in connection

with the parties' discussions to explore a potential settlement of at least some of the outstanding litigation and disputes between the parties. *See* Sec. 1 and 2 of the NDA. Accordingly, the term "Confidential Information" is defined in the NDA as "any and all statements made, positions taken or documents used or exchanged by either Party during the course of the Discussions." *Id.* Sec. 2. The NDA expressly provides that such Confidential Information shall be confidential, inadmissible, and without prejudice and ***shall not be used or referenced in any way by any Party in any existing or future judicial or arbitration proceeding*** or made the subject of any public comment or press release. *Id.* (emphasis added).

There can be no dispute that ZTE breached the NDA. The Chinese Complaint is based on the information Vringo provided to ZTE in connection with the settlement discussions, and ZTE even went so far as to attach as an exhibit to the Chinese Complaint the Confidential Presentation Vringo prepared and produced to ZTE in connection with the settlement discussions.

Accordingly, Vringo also satisfy its burden of establishing likelihood of success on the merits.

## III.  Balancing of the Equities.

Equitable considerations clearly favor the issuance of the relief Vringo requests on this motion. ZTE has no protectable interest in continuing to use Vringo's NDA Material in litigation against Vringo in violation of the NDA. Vringo, on the other hand, has a contractual right to the protection of the confidentiality of the information it provided to ZTE in connection with settlement discussions. More importantly, strong public policy considerations favoring the use of settlements to resolve disputes militate

against permitting ZTE to gain an advantage in the Chinese Action by using information disclosed to ZTE in the context of confidential settlement discussions pursuant to the NDA. *See, e.g., Tribune Co. v. Purcigliotti*, 93 Civ. 7222, 1996 U.S. Dist. LEXIS 8433, at *2 (S.D.N.Y. June 19, 1996) ("Rule 408 of the Federal Rules of Evidence embodies the strong federal policy favoring settlement of disputes by precluding the use of settlement-related materials as a means of establishing or disproving liability"). Only an injunction requiring ZTE to withdraw the Chinese Complaint and enjoining ZTE from further breaching the NDA in litigation or otherwise would give effect to that policy by preventing ZTE from gaining an unfair advantage in the Chinese litigation.

## CONCLUSION

For the foregoing reasons, Plaintiff Vringo respectfully requests that this Court grant the injunctive relief described above at pages two and three.

Dated: New York, New York
July 2, 2014

VRINGO, INC.

KARL GEERCKEN
AMBER WESSELS-YEN
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

11