UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VRINGO INC. and VRINGO                                  Civ. Action No.
INFRASTRUCTURE, INC.,                                   14 CV 4988 (LAK)

                          Plaintiffs,

            -against-

ZTE CORPORATION and ZTE USA INC.,

                          Defendants.
------------------------------------------------------------X

ANSWER AND COUNTERCLAIMS OF
DEFENDANTS ZTE CORPORATION AND ZTE (USA) INC.

Defendants ZTE Corporation and ZTE (USA) Inc. (collectively, "ZTE"), by their

undersigned counsel, hereby answer the complaint filed against them by Vringo, Inc. ("Vringo")

as follows:

1.      ZTE admits the allegations of paragraph 1 on information and belief.

2.      ZTE admits the allegations of paragraph 2.

3.      ZTE admits the allegations of paragraph 3.

4.      ZTE neither admits nor denies the allegations of paragraph 4, which state

a legal conclusion to which no response is required.

5.      ZTE denies the allegations of paragraph 5 except admits that on or about

December 9, 2013, Vringo, Inc. and ZTE Corporation entered into a non-disclosure

agreement dated December 6, 2013 (the "NDA").

6.      The allegations contained in paragraph 6 are conclusions of law to which

no response is required.  To the extent a response is deemed to be required, ZTE denies

the allegations of paragraph 6 and respectfully refers the Court to the text of the NDA for a complete statement of its terms.

7.      ZTE denies the allegations of paragraph 7 except admits that Vringo and ZTE Corporation had a meeting on December 10, 2013 at which Vringo provided a presentation to ZTE (the "Presentation").

8.      ZTE denies the allegations of paragraph 8 and respectfully notes that the text of the Presentation, which Vringo did not submit, contains a complete statement of its terms.   ZTE is prepared to submit the Presentation to this Court, to the extent doing so would not be inconsistent with the terms of the Court's July 9, 2014 Order.

9.      ZTE denies the allegations of paragraph 9 except admits that on February 21, 2014 ZTE Corporation filed a civil complaint (the "Chinese Complaint") against Vringo and Vringo Infrastructure, Inc. in the Shenzhen Municipal Intermediate People's Court in Shenzhen, Guangdong Province, People's Republic of China, alleging abuse of a dominant market position.

10.      The allegations contained in paragraph 10 are conclusions of law to which no response is required.  To the extent a response is deemed to be required, ZTE denies the allegations of paragraph 10 and respectfully refers the Court to the text of the exhibits provided with the Chinese Complaint, which Vringo did not submit, for a complete statement of their terms.   ZTE is prepared to submit the exhibits provided with the Chinese Complaint to this Court, to the extent doing so would not be inconsistent with the terms of the Court's July 9, 2014 Order.

11.      ZTE denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.     ZTE neither admits nor denies the allegations contained in paragraph 12, which assert a legal conclusion as to which no response is required.

13.     ZTE neither admits nor denies the allegations of paragraph 13, which assert a legal conclusion as to which no response is required; to the extent a response is required, ZTE denies the allegations except admits that Vringo purports to seek a preliminary and permanent injunction against ZTE.

14.     ZTE denies the allegations of paragraph 14.

15.     ZTE denies the allegations of paragraph 15.

16.     ZTE denies the allegations of paragraph 16 and respectfully refers the Court to the text of the NDA between ZTE Corporation and Vringo for a complete statement of its terms.

17.     ZTE neither admits nor denies the allegations of paragraph 17, which assert a legal conclusion as to which no response is required.  To the extent a response is required, ZTE denies the allegations of paragraph 17 and respectfully refers the Court to the text of the NDA between ZTE Corporation and Vringo for a complete statement of its terms.

18.     ZTE denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.     ZTE denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 except admits, on information and belief, that Vringo purchased certain patents from Nokia and specifically denies that Vringo has undertaken to grant licenses on fair, reasonable, and nondiscriminatory ("FRAND") terms and conditions, and otherwise.

20.     ZTE admits  the allegations of paragraph 20.

21.     The allegations contained in paragraph 21 are conclusions of law to which no response is required.  To the extent a response is deemed to be required, ZTE denies the allegations contained in paragraph 21.

22.     ZTE denies the allegations of paragraph 22 except admits that since 2012 Vringo and its affiliates have brought patent infringement lawsuits against ZTE and its subsidiaries, including in Australia, Brazil, France, Germany, India, Netherlands, Spain, and the United Kingdom, and that within the two weeks prior to Vringo's complaint Vringo also brought patent infringement lawsuits against ZTE and its subsidiaries in Malaysia and Romania.

23.     ZTE denies the allegations of paragraph 23 except admits that Vringo and ZTE Corporation had a meeting on December 10, 2013.

24.     ZTE denies the allegations of paragraph 24 except admits that on or about December 9, 2013 Vringo, Inc. and ZTE Corporation entered into the NDA.

25.     ZTE denies the allegations of paragraph 25 and respectfully refers the Court to the text of the NDA for a complete statement of its terms.

26.     ZTE denies the allegations of paragraph 26 and respectfully refers the Court to the text of the NDA for a complete statement of its terms.

27.     ZTE denies the allegations of paragraph 27 and respectfully refers the Court to the text of the NDA for a complete statement of its terms.

28.     The allegations contained in paragraph 28 are conclusions of law to which no response is required.  To the extent a response is deemed to be required, ZTE denies the allegations of paragraph 28 except admits that Vringo and ZTE Corporation had a

meeting on December 10, 2013 at which Vringo provided the Presentation and respectfully notes that the  text of the Presentation, which Vringo did not submit, contains a complete statement of its terms.   ZTE is prepared to submit the Presentation to this Court, to the extent doing so would not be inconsistent with the terms of the Court's July 9, 2014 Order.

29.   ZTE denies the allegations of paragraph 29 except that it admits that on February 21, 2014 ZTE Corporation filed the Chinese Complaint against Vringo and Vringo Infrastructure, Inc. in the Shenzhen Municipal Intermediate People's Court in Shenzhen, Guangdong Province, People's Republic of China, alleging abuse of a dominant market position. and respectfully notes that the  text of the Chinese Complaint, which Vringo did not submit, contains a complete statement of its terms.   ZTE is prepared to submit the Chinese Complaint to this Court, to the extent doing so would not be inconsistent with the terms of the Court's July 9, 2014 Order.

30.   ZTE denies the allegations of paragraph 30 and respectfully notes that the text of the Chinese Complaint, which Vringo did not submit, contains a complete statement of its terms.   ZTE is prepared to submit the Chinese Complaint to this Court, to the extent doing so would not be inconsistent with the terms of the Court's July 9, 2014 Order.

31.   ZTE denies the allegations of paragraph 31, including footnote 1, except admits that Vringo purports to attach an English translation of a selected portion of the Chinese Complaint to Vringo's complaint in the above-captioned action, and ZTE respectfully notes that the  text of the Chinese Complaint and its original exhibits, which Vringo did not submit, contains a complete statement of its terms.   ZTE is prepared to

submit the Chinese Complaint and its original exhibits to this Court, to the extent doing so would not be inconsistent with the terms of the Court's July 9, 2014 Order.

32.    ZTE denies the allegations of paragraph 32, including footnote 2, except admits that Vringo purports to attach an English translation of the Evidence List  to Vringo's complaint in the above-captioned action, and ZTE respectfully notes that the text of the original Chinese Complaint, its original exhibits and original accompanying documents, which Vringo did not submit, contains a complete statement of its terms. ZTE is prepared to submit the original Chinese Complaint, its original exhibits and original accompanying documents to this Court, to the extent doing so would not be inconsistent with the terms of the Court's July 9, 2014 Order.

33.    ZTE neither admits nor denies the allegations contained in paragraph 33, which assert legal conclusions and speculation as to which no response is required; to the extent a response is deemed to be required, ZTE denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34.    ZTE denies the allegations of paragraph 34 and denies knowledge or information sufficient to form a belief as to the truth of the allegations of footnote 3.

35.    ZTE neither admits nor denies the allegations contained in paragraph 35, which assert legal conclusions and speculation as to which no response is required; to the extent a response is deemed to be required, ZTE denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.    ZTE neither admits nor denies the allegations contained in paragraph 36, which assert legal conclusions and speculation as to which no response is required; to the extent a response is deemed to be required, ZTE denies the allegations of paragraph 36.

37.     ZTE neither admits nor denies the allegations contained in paragraph 37, which assert legal conclusions and speculation as to which no response is required; to the extent a response is deemed to be required, ZTE denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38.     ZTE neither admits nor denies the allegations contained in paragraph 38, which assert legal conclusions and speculation as to which no response is required; to the extent a response is deemed to be required, ZTE denies the allegations of paragraph 38.

39.     ZTE neither admits nor denies the allegations contained in paragraph 39, which assert legal conclusions and speculation as to which no response is required; to the extent a response is deemed to be required, ZTE denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40.     ZTE neither admits nor denies the allegations contained in paragraph 40, which assert legal conclusions and speculation as to which no response is required; to the extent a response is deemed to be required, ZTE admits that the Shenzhen Court has scheduled a hearing of the case brought by ZTE Corporation to take place on August 14, 2014, denies the remaining allegations in paragraph 40, and specifically denies that that hearings will be open to the public.

41.     ZTE neither admits nor denies the allegations contained in paragraph 41, which assert legal conclusions and speculation as to which no response is required; to the extent a response is deemed to be required, ZTE admits that the Shenzhen Court has scheduled a hearing of the case brought by ZTE Corporation to take place on August 15, 2014, denies the remaining allegations in paragraph 41, and specifically denies that that hearing will be open to the public.

42.     ZTE denies the allegations of paragraph 42.

43.     ZTE denies the allegations of paragraph 43.

44.     ZTE denies the allegations of paragraph 44.

45.     ZTE denies the allegations of paragraph 45.

46.     ZTE denies the allegations of paragraph 46.

47.     ZTE denies the allegations of paragraph 47 except admits that ZTE has filed other actions against Vringo.

48.     ZTE repeats and reiterates its responses to the allegations contained within Paragraphs 1 through 47 above as if set forth fully herein.

49.     ZTE denies the allegations of paragraph 49 except admits that on or about December 9, 2013 ZTE Corporation and Vringo, Inc. entered into the NDA.

50.     ZTE denies knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 50.

51.     ZTE denies the allegations of paragraph 51.

52.     ZTE denies the allegations of paragraph 52.


<u>DEFENSES</u>

1.     ZTE reserves all affirmative defenses available under any applicable law and its right to assert additional defenses if discovery in this action makes known facts that support such defenses.  To the extent that the defenses below raise matters on which plaintiffs bear the burden of proof at trial, ZTE does not adopt or assume that burden by virtue of this pleading.

2.     The Court lacks subject matter jurisdiction over this dispute because the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs.

3.     The Court lacks personal jurisdiction over ZTE (USA) Inc.

4.      Plaintiffs' complaint fails to state a claim on which relief can be granted.

5.      ZTE acted in good faith with respect to all conduct alleged in the complaint.

6.      Plaintiffs' claims are barred in whole or in part by the doctrines of unclean hands and in pari delicto.

7.      Plaintiffs' claims are barred by illegality to the extent they claim the NDA was an agreement to suppress evidence.

8.      ZTE was required by applicable law to take the actions about which Vringo complains.

9.      Plaintiffs' claims are barred in whole or in part by the doctrines of res judicata and collateral estoppel.

10.     Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel and waiver.

11.     Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

12.     Plaintiffs cannot show that they have suffered, or will likely suffer, irreparable harm;

13.     Plaintiffs' claims for equitable relief are barred to the extent they have an adequate remedy at law.

14.     Any damages or harm suffered by Vringo was not caused by ZTE or its actions.

15.     Vringo's claims are barred by the terms of the NDA.

16.     Vringo has failed to mitigate its alleged damages.

## COUNTERCLAIMS

### FIRST COUNTERCLAIM
(Declaratory Judgment)

1.     ZTE Corporation incorporates by reference its responses to the allegations in the paragraphs above.

2.     An actual controversy has arisen and now exists between Vringo and ZTE Corporation concerning the parties' rights and obligations under the NDA.

3.     ZTE Corporation seeks a judicial determination of the parties' rights and obligations under the NDA.  Specifically, ZTE Corporation seeks a declaration that it is not in breach of any obligations under the NDA.

### SECOND COUNTERCLAIM
(Declaratory Judgment)

1.     ZTE Corporation incorporates by reference its responses to the allegations in the paragraphs above.

2.     An actual controversy has arisen and now exists between Vringo and ZTE Corporation concerning the parties' rights and obligations under the NDA.

3.     ZTE Corporation seeks a judicial determination of the enforceability of the NDA. Specifically, ZTE Corporation seeks a declaration that the NDA is unenforceable to the extent it would prevent the submission of legally competent evidence to a court pursuant to applicable law.

### THIRD COUNTERCLAIM
(Breach of Covenant of Good Faith and Fair Dealing)

1.     ZTE Corporation incorporates by reference its responses the allegations set forth in the paragraphs above.

     2.       Vringo's attempt to use the NDA to suppress evidence of its tortious acts and statutory violations and to prevent ZTE Corporation from using or introducing evidence of those acts and violations constitutes a breach of its covenant of good faith and fair dealing.

     3.       ZTE Corporation has been harmed as a result of Vringo's breach.

WHEREFORE, ZTE respectfully requests judgment granting the following relief:

    (a)  Dismissing Vringo's complaint with prejudice;

    (b)  Vacating any existing injunctive relief granted in this action and denying Vringo any other injunctive relief;

    (c)  Declaring that ZTE is not in breach of its obligations under the NDA;

    (d)  Awarding ZTE damages in an amount to be determined at trial;

    (e)  Awarding ZTE its costs of defending this action, including attorneys' fees, costs and disbursements; and

    (f)  Granting ZTE such other and further relief as this Court deems just and proper.

Dated: New York, NY
       July 23, 2014

                      KING & SPALDING LLP

                      */s/  Paul A. Straus*

                      Robert F. Perry
                      Paul A. Straus
                      David A. Joffe
                      KING & SPALDING LLP
                      1185 Avenue of the Americas
                      New York, NY 10036
                      Tel: 212.556.2100
                      Fax: 212.556.2222

                      *ATTORNEYS FOR DEFENDANTS*
                      *ZTE CORPORATION and ZTE (USA) INC.*