UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VRINGO, INC., and
VRINGO INFRASTRUCTURE, INC.

                              Plaintiffs,          Civil Action No. 14-cv-4988 (LAK)

v.

ZTE CORPORATION, and
ZTE USA Inc.,

                              Defendants

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...........................................................................................ii

INTRODUCTION .......................................................................................................1

FACTS ........................................................................................................................1

ARGUMENT ..............................................................................................................2

A.    Judgment on the Pleadings Is Warranted in This Case ..........................................2

B.    ZTE Breached the NDA..........................................................................................4

C.    The NDA Is Enforceable.........................................................................................5

D.    ZTE Was Not *Required* to Breach the NDA.........................................................7

E.    Damages Exist and Can Be Quantified at a Later Time .........................................7

CONCLUSION ...........................................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                                               **Page(s)**

*Alexander & Alexander Servs. v. Certain Underwriters at Lloyd's*,
    136 F.3d 82 (2d Cir. 1998) ...................................................................................... 3

*Archer Invs. S.a.r.l. v. Local 282 Welfare Trust Fund*,
    462 F. App'x 122 (2d Cir. 2012) .............................................................................. 6

*Asta, L.L.C. v. Telezygology, Inc.*,
    629 F. Supp. 2d 837 (N.D. Ill. 2009) ................................................................... 3, 4

*Complex Sys., Inc. v. ABN Amro Bank N.V.*,
    No. 08 Civ. 7497, 2014 WL 1055263 (S.D.N.Y. Mar. 13, 2014) ............................ 6

*ConFold Pac., Inc. v. Polaris Indus.*,
    433 F.3d 952 (7th Cir. 2006) .................................................................................... 4

*D'Alessio v. N.Y. Stock Exch. Inc.*,
    258 F.3d 93 (2d Cir. 2001) ....................................................................................... 4

*Finucane v. Interior Constr. Corp.*,
    264 A.D.2d 618, 695 N.Y.S.2d 322 (1st Dep't 1999) .............................................. 6

*Greenfield v. Philles Records*,
    98 N.Y.2d 562, 750 N.Y.S.2d 565 (2002) ................................................................ 3

*Leasing Serv. Corp. v. Graham*,
    646 F. Supp. 1410 (S.D.N.Y. 1986) ......................................................................... 8

*McCoy Assocs., Inc. v. Nulux, Inc. v. Gene McCoy*,
    218 F. Supp. 2d 286 (E.D.N.Y. 2002) ...................................................................... 8

*Ragone v. Atlantic Video at Manhattan Ctr.*,
    No. 07-cv-6084, 2008 WL 4058480 (S.D.N.Y. Aug 29, 2008), *aff'd*,
    595 F.3d 115 (2d Cir. 2010) ..................................................................................... 6

*Rodriguez v. Estevez*,
    Index No. 116200/05, 19 Misc. 3d 1116(A), 2008 WL 927958 (Sup. Ct.
    N.Y. County Mar. 11, 2008) ...................................................................................... 6

*VCG Special Opportunities Master Fund, Ltd. v. Citibank, N.A.*,
    594 F. Supp. 2d 334 (S.D.N.Y. 2008), *aff'd*, 355 F. App'x 507 (2d Cir.
    2009) ......................................................................................................................... 3

*Voiceage Corp. v. Realnetworks, Inc.*,
    926 F. Supp. 2d 524 (S.D.N.Y. 2013) ........................................................... 2, 3, 6, 8

| **Statutes and Rules** | **Page(s)** |
|---|---|
| Fed. R. Civ. P. 12(b)(6) | 3 |
| Fed. R. Civ. P. 12(c) | 1, 3, 8 |
| Fed. R. Evid. 408 | 6, 7 |
| N.Y. CPLR § 4547 | 6 |
| N.Y. GOL § 5-1401 | 6 |

## INTRODUCTION

Vringo and ZTE entered into a Non-Disclosure Agreement (the "NDA") dated effective December 6, 2013.  The NDA clearly and unambiguously prohibits the use of settlement materials in *any* judicial proceeding.  With the pleadings now closed,[1] ZTE's own admissions establish that ZTE breached the NDA: (1) ZTE entered into the NDA, (2) ZTE subsequently met with Vringo on December 10, 2013 to discuss settlement, (3) ZTE received a settlement presentation from Vringo at the December 10th meeting, each page of which was designated "CONFIDENTIAL – VRINGO/ZTE SETTLEMENT DISCUSSIONS SUBJECT TO NDA", (4) ZTE filed a lawsuit against Vringo in China in February 2014, and (5) ZTE included Vringo's settlement presentation as an exhibit to its Chinese complaint.  As such, no factual issues remain open with regard to Vringo's breach of contract claim.  Accordingly, pursuant to Fed. R. Civ. P. 12(c), Vringo respectfully requests that the Court enter partial judgment on the pleadings in its favor on Vringo's first cause of action for breach of contract.

## FACTS

The NDA[2] provides strict restrictions on the use of settlement materials:

> [A]ny and all statements made, positions taken, or documents used in or exchanged by either Party during the course of the Discussions ("Confidential Information") shall be confidential, inadmissible, and without prejudice and **shall not be used or referenced in any way by any Party in any** existing or **future judicial** or arbitration **proceedings** or made the subject of any public comment or press release.

---

[1] Copies of the First Amended Complaint and ZTE's Answer thereto are attached as Appendices A and B, respectively.

[2] Although ZTE, rather incredibly, denies the language of verbatim quotations of the NDA, ZTE "refers the Court to the text of the NDA for a complete statement of its terms."  (See e.g., Answer ¶ 32).  The copy of the NDA signed by ZTE is attached to the Complaint and is incorporated by reference in the Complaint; its text is undisputed.

(Dkt. No. 52-1 ¶2, emphasis added.)

In ZTE's Answer (the "Answer"), ZTE admits the following facts:

- "Vringo provided ZTE Corporation with a proposed non-disclosure agreement on November 27, 2013" (Answer ¶ 29);

- "[ZTE] returned a signed copy of the NDA on December 9, 2013 in the original form provided by Vringo" (Answer ¶ 31);

- "[T]he NDA was executed on behalf of ZTE Corporation by Shen Nan, at the time ZTE Corporation's Chief Intellectual Property Counsel" (Answer ¶ 31);

- "Vringo and ZTE Corporation had a meeting on December 10, 2013 to explore a potential settlement" (Answer ¶ 28);

- At the December 10th meeting "Vringo provided a presentation (the 'Presentation')" (Answer ¶ 36);

- "[E]ach page [of the Presentation] stated the referenced text" *i.e.*, "CONFIDENTIAL – VRINGO/ZTE SETTLEMENT DISCUSSIONS SUBJECT TO NDA" (Answer ¶ 38);

- "[O]n February 21, 2014 ZTE Corporation filed a complaint (the 'Chinese Complaint') against Vringo and Vringo Infrastructure, Inc. in the Shenzhen Municipal Intermediate People's Court in Shenzhen, Guangdong Province, People's Republic of China" (Answer ¶ 40); and

- "[T]he Presentation was included as an exhibit to the Chinese Complaint" (Answer ¶ 44).

## ARGUMENT

### A.   Judgment on the Pleadings Is Warranted in This Case

Given the clear and unambiguous language of the NDA and ZTE's admissions, judgment on the pleadings on the First Cause of Action of the First Amended Complaint is warranted. *See Voiceage Corp. v. Realnetworks, Inc.*, 926 F. Supp. 2d 524, 529 (S.D.N.Y. 2013) (granting plaintiff judgment on the pleadings on a breach of a license agreement, finding that defendants' answer and supplemental materials did not alter the unambiguous terms of the license agreement); *Asta, L.L.C. v. Telezygology, Inc.*, 629 F. Supp. 2d 837,

847 (N.D. Ill. 2009) (granting plaintiff judgment on the pleadings on breach of contract claim, holding that the language of the contract was clear and "there [was] no reason to believe that the parties did not assent to what the contract states.").

"The initial interpretation of a contract is a question of law for a court" to decide. *Voiceage*, 926 F. Supp. 2d at 529 (quoting *Alexander & Alexander Servs. v. Certain Underwriters at Lloyd's*, 136 F.3d 82, 86 (2d Cir. 1998)). "A written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Id.* (quoting *Greenfield v. Philles Records*, 98 N.Y.2d 562, 750 N.Y.S.2d 565 (2002)).

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" anytime "[a]fter the pleadings are closed—but early enough not to delay trial." As this Court has recognized, Rule 12(c) motions for judgment on the pleadings "are an underutilized tool for litigants whose claims are amenable to immediate resolution" and "can be particularly appropriate in breach of contract cases involving legal interpretations of the obligations of the parties." *Voiceage*, 926 F. Supp. 2d at 529.

"Judgment on the pleadings 'is appropriate where material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings'," including the complaint, the answer, and the documents incorporated by reference in each. *Id.* at 529 (quoting *VCG Special Opportunities Master Fund, Ltd. v. Citibank, N.A.*, 594 F. Supp. 2d 334, 339 (S.D.N.Y. 2008), *aff'd*, 355 F. App'x 507 (2d Cir. 2009)."In deciding a Rule 12(c) motion, the Court applies the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true, and drawing all reasonable inferences in favor of the nonmoving party."

*Id.* (alterations omitted) (quoting *D'Alessio v. N.Y. Stock Exch. Inc.*, 258 F.3d 93, 99 (2d Cir. 2001).

**B.     ZTE Breached the NDA**

ZTE admits that it entered into the NDA with Vringo in December 2013 in connection with the parties' settlement discussions.  (Answer ¶¶ 28, 29 and 31.)  The NDA prohibits the parties from using settlement materials in any judicial proceeding:

> [A]ny and all statements made, positions taken, or documents used in or exchanged by either Party during the course of the Discussions ("Confidential Information") shall be confidential, inadmissible, and without prejudice and **shall not be used or referenced in any way by any Party in any** existing or **future judicial** or arbitration **proceedings** or made the subject of any public comment or press release.

(Dkt. No. 52-1 ¶2, emphasis added.)

There is nothing unclear about this provision.  ZTE – a sophisticated, multi-billion dollar company – understood what it was agreeing to when it signed the NDA.[3]  Not only did ZTE's Chief IP Counsel, Shen Nan, execute the NDA, but ZTE (US) (a party to the NDA) employs at least one U.S. attorney, James Ray Wood, as Chief Patent Counsel. (Answer ¶¶ 31, 35.)

Further, ZTE admits that it met with Vringo on December 10, 2013 and received a settlement presentation from Vringo at that meeting.  (Answer ¶¶ 28, 36.)  ZTE also admits that each page of Vringo's settlement presentation is designated "CONFIDENTIAL – VRINGO/ZTE SETTLEMENT DISCUSSIONS SUBJECT TO NDA."  (Answer ¶ 38.)

---

[3]  "Especially when dealing with a substantial contract between 'commercially sophisticated parties . . . who know how to say what they mean and have an incentive to draft their agreement carefully,'" it is particularly appropriate to enforce an unambiguous contract as a matter of law.  *Asta*, 629 F. Supp. 2d at 843 (granting judgment on the pleadings for the plaintiff on an unambiguous contract between two companies) (quoting *ConFold Pac., Inc. v. Polaris Indus.,* 433 F.3d 952, 955 (7th Cir. 2006)).

Finally, ZTE admits that it used/referenced Vringo's settlement presentation in a judicial proceeding – ZTE filed a complaint against Vringo in the Shenzhen Municipal Intermediate People's Court in China which included Vringo's settlement presentation as an exhibit.  (Answer ¶¶ 40, 44.)   ZTE's Chinese complaint also included Vringo's settlement offer to ZTE: "In the second price quotation in December 2013, the Defendant [Vringo] actually intended to charge the Plaintiff USD [REDACTED] for its standard-essential patents portfolio license . . . ."  Dkt. 52-4, pp. 3-4.[4]   ZTE's actions are a direct violation of the express language of the NDA and, thus, a breach of the NDA.

## C.     The NDA Is Enforceable

In order to avoid liability, ZTE now – after it filed its lawsuit in China and was sued for breach of contract – conveniently asserts that the NDA is unenforceable.  ZTE never raised this issue before although it had plenty of opportunity to do so.  (See e.g., Complaint ¶¶ 84, 86.)[5]  In particular, ZTE asserts that the "NDA is illegal or against public policy to the extent its enforcement would have the effect of suppressing evidence."  (ZTE Affirmative Defense ¶ 4.)

---

[4] Vringo attached to its Complaint as Exhibit D the English-language translation of the relevant pages of the Chinese complaint, and made the redactions to that exhibit to comply with the NDA.  In its Answer, at ¶¶ 45 and 50, ZTE states that "Vringo purports to attach an English translation" of the complaint, apparently not recognizing that this translation of the Chinese Complaint is the same version Vringo received from the Shenzhen court *and that every page bears the seal of Beijing Baijia Translation Company, to whom ZTE admits it provided the Chinese complaint.*  (Answer ¶ 46).  The Chinese complaint is incorporated by reference in both the Complaint and Answer ¶¶ 45 and 50, and the contents of the relevant pages are not disputed.

[5] ZTE's June 25, 2014 letter is incorporated by reference in Complaint ¶¶ 84 and 86, and in Answer ¶ 86, and its contents are not disputed.

The NDA is governed by New York law[6] which sets a high bar for proving unenforceability. In *Voiceage*, this Court held that the contract could only be attacked if it were "so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable according to its literal terms." 926 F. 3d at 532. *Id.* (quoting *Ragone v. Atlantic Video at Manhattan Ctr.*, No. 07-cv-6084, 2008 WL 4058480, at *4 (S.D.N.Y. Aug 29, 2008), *aff'd*, 595 F.3d 115 (2d Cir. 2010)) (quotations omitted). ZTE cannot meet this standard.[7]

Here, the NDA is reasonable and consistent with the New York (and federal) mores and business practices favoring settlement by making settlement discussions inadmissible in court. *See* N.Y. CPLR 4547[8]; Fed. R. Evid. 408; *Rodriguez v. Estevez*, Index No. 116200/05, 19 Misc. 3d 1116(A), 2008 WL 927958, at *18 (Sup. Ct. N.Y. County Mar. 11, 2008) ("The public policy to promote settlements makes such evidence privileged and not admissible should settlement negotiations fail."); *Complex Sys., Inc. v. ABN Amro Bank N.V.*, No. 08 Civ. 7487, 2014 WL 1055263, at *2 (S.D.N.Y. Mar. 13, 2014) ("In

---

[6] The NDA states that it shall be "governed by and construed and enforced in accordance with the laws of the State of New York" and "binding upon the parties hereto in the United States and worldwide." (Dkt. No. 52-1 ¶12.)

[7] The NDA explicitly states it is subject to New York law without giving effect to its choice of law or conflicts principles, (Dkt. No. 52-1 at ¶12), and the Second Circuit has held that, "'[w]here, as here, the parties have agreed on the law that will govern their contract,' that choice of law will be enforced." *Archer Invs. S.a.r.l. v. Local 282 Welfare Trust Fund*, 462 F. App'x 122, 123-24 (2d Cir. 2012) (quoting *Finucane v. Interior Constr. Corp.*, 264 A.D.2d 618, 620, 695 N.Y.S.2d 322, 324 (1st Dep't 1999)). *See also* N.Y. GOL § 5-1401.

[8] N.Y. CPLR § 4547 provides: "Evidence of (a) furnishing, or offering or promising to furnish, or (b) accepting, or offering or promising to accept, any valuable consideration in compromising or attempting to compromise a claim which is disputed as to either validity or amount of damages, shall be inadmissible as proof of liability for or invalidity of the claim or the amount of damages. Evidence of any conduct or statement made during compromise negotiations shall also be inadmissible."

furtherance of the public policy of encouraging settlements and avoiding wasteful litigation, Rule 408 bars the admission of most evidence of offers of compromise and settlement."). Accordingly, there is no basis for ZTE's argument that enforcement of the NDA would somehow be illegal or undermine applicable public policy.

**D.     ZTE Was Not *Required* to Breach the NDA**

Yet another way in which ZTE seeks to avoid liability is to assert that "ZTE was required by applicable law to take the actions about which Vringo complains." (ZTE Affirmative Defense ¶ 5.) ZTE *voluntarily* brought a *civil* lawsuit against Vringo – it was not *required* to do so. As such, ZTE could not have been required to use Vringo's settlement presentation in a judicial proceeding. And, if ZTE was required to provide Vringo's settlement presentation as part of a Chinese complaint (which it was not), it should not have chosen to bring a civil lawsuit against Vringo knowing that it entered into the NDA. ZTE cannot file a civil action to compel its own breach of the NDA.

**E.     Damages Exist and Can Be Quantified at a Later Time**

Given the highly confidential and sensitive nature of the Vringo's settlement, the mere inclusion of Vringo's settlement presentation and settlement offer in the Chinese complaint has caused, and will continue to cause, significant irreparable harm to Vringo. (*See, e.g.,* Dkt. Nos. 7, 23, 41.) Vringo must now defend against specious litigation claims in China that are based on the Prohibited Material, ***which is precisely the result which Vringo sought to avoid by entering into the NDA***.

While Vringo respectfully submits that part of the harm it suffered as a result of ZTE's breach is irreparable in nature and that another part is legal, the fact that Vringo has not yet quantified its monetary damages is not relevant to the question of whether this Court should grant judgment on the pleadings with regard to its breach of contract claim.

Indeed, courts have held that the inability to quantify damages does not prevent the court from rendering a decision on issues of liability. *See Voiceage*, 926 F. Supp. 2d at 532 (granting Rule 12(c) judgment on the pleadings in connection with breach of contract claim even though damages had not yet been quantified); *McCoy Assocs., Inc. v. Nulux, Inc. v. Gene McCoy*, 218 F. Supp. 2d 286, 293-94 (E.D.N.Y. 2002) (granting plaintiff's motion for summary judgment although the "amount of loss [could not] be prove[n] with sufficient certainty."). And where the specific amount of damages recoverable by an injured party cannot be proven with sufficient certainty, the amount may be quantified at a later date. *See id.* at 294; *see also Leasing Serv. Corp. v. Graham*, 646 F. Supp. 1410, 1414 (S.D.N.Y. 1986) (granting plaintiff's interlocutory summary judgment although there was a "genuine issue as to the amount of damages.").

## CONCLUSION

For the foregoing reasons, Vringo respectfully requests that this Court find that ZTE has breached the NDA and enter partial judgment on the pleadings in favor of Vringo on its first cause of action for breach of contract.

Dated: October 2, 2014

Respectfully submitted,

KARL GEERCKEN
AMBER WESSELS-YEN
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Attorneys for Plaintiffs Vringo, Inc.
and Vringo Infrastructure, Inc.*