# ALSTON&BIRD LLP

90 Park Avenue
New York, NY 10016

212-210-9400
Fax: 212-922-3994
www.alston.com

Karl Geercken                    Direct Dial: 212-210-9471          Email: karl.geercken@alston.com

January 15, 2015


VIA ECF

Honorable Lewis Kaplan
United States Courthouse
500 Pearl Street, Courtroom 15C
New York, NY 10007-1312

     Re:    Vringo, Inc. v. ZTE Corp., et al., No. 14-cv-4988

Dear Judge Kaplan:

On behalf of Plaintiffs Vringo Inc. and Vringo Infrastructure, Inc. ("Vringo"), we write to inform the Court that the Chinese antitrust authorities have now launched an antitrust investigation of Vringo. Based on Vringo's understanding, this investigation was launched at the request of Defendant ZTE Corp. ("ZTE").

On Tuesday, January 13, 2015, the Bureau of Price Supervision and Anti-monopoly of China's NDRC sent Vringo an investigation notice and *ordered Vringo to send its representatives to China within ten days*. The investigation notice states that "[r]ecently, we (NDRC) received a claim that your corporation has violated 'Anti-Monopoly Law of P.R. China' and has conducted monopoly action." A copy of the NDRC's email to Vringo, with its attached Chinese-language investigation notice and a preliminary translation thereof, is attached to this letter.

Vringo's Amended Complaint explicitly alleged that ZTE was seeking to further damage Vringo by inducing Chinese regulatory authorities (such as the NDRC) to investigate Vringo and demand access to NDA protected material. (*See, e.g.,* Dkt. No. 52, ¶¶ 69-71, 88-91, 121-124).[1] Vringo also argued that "ZTE has engaged in a concerted campaign to use confidential settlement material to exert even more leverage against Vringo by persuading Chinese antitrust authorities to bring protectionist regulatory actions against Vringo." (Dkt. No. 71, pp. 16-18.)

---

[1] ZTE's Answer contains blanket denials of these allegations. (*See, e.g.,* Dkt. No. 58, ¶¶ 69-71, 88-91, 121-124).

In response to this, ZTE argued on December 2, 2014 that:

> in the nine months since the antitrust action has been pending, plaintiffs have not identified a single instance of harm—not from disclosure, not from Chinese regulators, not from anything else. Unable to plead facts showing actual harm, plaintiffs instead point to their 'exposure' to hypothetical future harm. But self-invented potential harm is no substitute for actual harm; without the latter, plaintiffs do not have a claim.

(Dkt. No. 73, p. 1.) (emphasis in original.)

Notably, ZTE further argued that Vringo had engaged in an "unseemly amount of speculation" by "invent[ing] a hypothetical regulatory claim that they allege some regulator may or may not one day file" – a regulatory claim that ZTE characterized as "self-concocted" by Vringo. (Dkt. No. 73, p. 6, n. 6.) (emphasis added.)

We asked ZTE's counsel to inform Vringo by close of business yesterday, January 14, 2015, whether ZTE has provided any of Vringo's confidential information to the Chinese regulatory authorities in violation of the parties' NDA and the Court's TRO. As of last evening, the only response we have received from ZTE's counsel is that "[w]e are looking into this and will respond as soon as possible."

Respectfully submitted,

Karl Geercken

Enclosures

cc: counsel of record (via ECF)

LEGAL02/35304169v2