# ALSTON&BIRD LLP

90 Park Avenue
New York, NY 10016

212-210-9400
Fax: 212-922-3994
www.alston.com

Karl Geercken                    Direct Dial: 212-210-9471                    Email: karl.geercken@alston.com

February 9, 2015

VIA ECF

Honorable Lewis Kaplan
United States Courthouse
500 Pearl Street, Courtroom 15C
New York, NY 10007-1312

   Re: *Vringo, Inc. v. ZTE Corp., et al.,* No. 14-cv-4988

Dear Judge Kaplan:

  On behalf of Plaintiffs Vringo Inc. and Vringo Infrastructure, Inc., we write to request an emergency conference regarding a case filed last week by Defendant ZTE Corp., ("ZTE") which we respectfully submit should immediately be consolidated with the action pending in this Court. Vringo seeks an expedited hearing on the consolidation issue.

  In short, last Thursday evening, February 6, ZTE filed an action in United States Court in the District of Delaware (the "Delaware Court") against both Vringo Inc. and Vringo Infrastructure, Inc. (collectively, "Vringo") involving the FRAND negotiations which led the parties to this Court.  In doing so, ZTE has contradicted arguments it made to this Court regarding international comity.  ZTE's Delaware complaint requests injunctive relief prohibiting Vringo from enforcing injunctions it has already obtained in patent litigation pending in several foreign courts against ZTE along with a worldwide antisuit injunction prohibiting Vringo from seeking any additional patent injunctions.  Finally, ZTE has sought (and obtained) ex parte injunctive relief against Vringo that prevents Vringo from complying with a Romanian court's order.

  The Second Circuit follows the "first-filed" rule, which empowers a federal district court to enjoin the prosecution of a later-filed action absent certain special circumstances.  *City of New York v. Exxon Corp.*, 932 F. 2d 1020, 1025-27 (2d Cir. 1991) (affirming enjoinment of later-filed action); *Meeropol v. Nizer*, 505 F.2d 232, 235-236 (2d Cir. N.Y. 1974) (same); *In re Auction Houses Antitrust Litig.*, 00-cv-0648 (LAK), 2003 U.S. Dist. LEXIS 3674, 4-5 (S.D.N.Y. Mar. 12, 2003) (same).   Additionally, "this district recognizes a bright-line rule that the court before which the first-filed action was brought determines which forum will hear the case." *Eternal Asia Supply Chain Mgmt. United States Corp. v. EQD Corp.*, No. 12-cv-0058 (JPO), 2012 U.S. Dist. LEXIS 176213, at *9-11 (S.D.N.Y. Dec. 12, 2012) (internal quotations omitted).

February 9, 2015
Page 2

Accordingly, we are notifying this Court of these developments so that it can assess the most efficient path forward for the parties. *Wyler-Wittenberg v. MetLife Home Loans*, Inc., 899 F. Supp. 2d 235, 247 (E.D.N.Y. 2012) (considering dismissal, stay, or transfer).

In paragraphs 14-27 of the Amended Complaint filed in this action (Dkt. No. 52), Vringo sets forth in detail the underlying grounds for the parties' worldwide dispute, including: (a) Vringo's obligation to offer standards-essential patents on "FRAND" terms (¶¶ 15-16); (b) ZTE's position in worldwide litigations that it is unwilling to negotiate the terms of a license until Vringo brings and wins patent enforcement litigation (¶¶ 22-23); and (c) the rack rates and "Term Sheet" used by Vringo (¶¶ 25-26). Vringo also described in Amended Complaint paragraphs 62-64 the improper actions taken by ZTE in many of these patent litigations worldwide where Vringo has obtained injunctive relief against ZTE.

ZTE has also put in issue in the litigation in this court the underlying FRAND issues, Term Sheet, and global litigation by issuing discovery requests on this subject, including, *inter alia,* document requests:

- 6, for "All documents concerning Vringo's "Term Sheet" described in ¶ 25 of the Amended Complaint, including without limitation all rack rates and other sources used to develop its terms"

- 17, for "All documents concerning the allegation in ¶16 of the Amended Complaint that 'Vringo contractually affirmed that it undertook to abide by all applicable obligations to the relevant SSOs'", and

- 25, for "All documents concerning Plaintiffs' allegation in ¶15 that Vringo must be prepared to grant essential patents, under relevant definitions of applicable rules, under FRAND terms and conditions";

The sole connection that Delaware has with the parties and this dispute is that the two Vringo entities, which are headquartered in Manhattan, are incorporated under Delaware law. ZTE's Delaware complaint alleges that Vringo's Term Sheet violates Vringo's FRAND obligations, and that Vringo's worldwide litigations and the resulting injunctions against ZTE are also in violation of Vringo's FRAND obligations. The Delaware action involves three of the four parties present in this Court. And the case involves substantially similar issues relating to (a) a U.S. court's ability to issue injunctive relief affecting litigations elsewhere in the world, and (b) issues relating to compliance with FRAND obligations. They also arise out of the same nucleus of facts relating to the parties' efforts to negotiate patent licenses. Because there are no special circumstances warranting any priority to the Delaware Court, Vringo respectfully submits that the two U.S. actions be consolidated before this Court.

Just a few months ago, ZTE argued to this Court that requiring it to withdraw an exhibit and a short description thereof from a complaint that ZTE had filed before a Chinese court – in violation of an NDA – would harm international comity and the sovereignty of Chinese courts. Now, after ZTE has lost months- and years-long battles against patent infringement injunctions

February 9, 2015
Page 3

around the world, it is seeking U.S. injunctive relief that (1) reverses rulings that Vringo has already obtained in another country by forcing Vringo to violate a court order, (2) effectively prevents Vringo from enforcing any of the injunctions against ZTE that it has already obtained around the world, and (3) seeks a worldwide antisuit injunction preventing Vringo from seeking any additional injunctive relief.

Given the overlap in issues relating to, among others, international comity and FRAND requirements between the Delaware action and the first-filed case pending before Your Honor, we believe that both U.S. cases should be consolidated before this Court for resolution. Vringo therefore respectfully requests that Court set a briefing schedule that allows the consolidation issue to be heard on an expedited basis.

Vringo is available to discuss these issues at this Court's earliest convenience.

Respectfully submitted,

Karl Geercken

Enclosures

cc: New York counsel of record (via ECF)
Richard K Herrmann (via email)
Mary B. Matterer (via email)
Steven A. Moore (via email)
Callie Bjurstrom (via email)
Nicole S. Cunningham (via email)
Nathaniel R. Smith (via email)

LEGAL02/35355283v3