UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VRINGO, INC., and<br>VRINGO INFRASTRUCTURE, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ZTE CORPORATION, and<br>ZTE USA Inc.,<br><br>Defendants | Civil Action No. 14-cv-4988 (LAK) |

**DECLARATION OF AMBER WESSELS-YEN
IN SUPPORT OF MOTION TO SEAL**

**AMBER WESSELS-YEN** declares as follows pursuant to 28 U.S.C. § 1746:

1. I am an attorney at law duly admitted to practice before the courts of the State of New York and the Southern District of New York. I am a partner at Alston & Bird LLP, attorneys for plaintiffs Vringo, Inc. and Vringo Infrastructure, Inc. (collectively, "Vringo"). I make this declaration in support of Vringo's Motion to Seal.

2. I submit this Declaration based upon my personal knowledge, information, and belief, in support of Vringo's Motion to Seal portions of its Motion to Compel Evidence of Breach of Contract and TRO Violation and Exhibits C and F thereto. Redacted versions of the Motion to Compel and Exhibits C and F have been filed with the Court. (*See* Dkt. No. 78.)

3. Exhibit C to Vringo's Motion to Compel is ZTE's Supplemental Responses and Objections to Vringo's First Set of Interrogatories. ZTE's supplemental responses to Vringo's interrogatories still withhold all information concerning ZTE's communications with Chinese governmental authorities (including the NDRC). However, the supplemental responses now contain some limited information that ZTE had previously withheld based solely on ZTE's

objection that the parties' Protective Order was under negotiation.

4. Exhibit F to Vringo's Motion to Compel is an e-mail chain between ZTE and the NDRC that ZTE contends supports its position that ZTE need not produce information related to its communications with the NDRC.

5. The redacted portions on page four of Vringo's Motion to Compel refer to the Exhibit F e-mail chain.

6. The e-mail chain in Exhibit F and the supplemental interrogatory responses of Exhibit C were produced to Alston & Bird subject to my agreement with ZTE's counsel that access to these documents be restricted to Alston & Bird personnel and a translation service that agrees not to disclose the information therein (subject to Alston & Birds's reservation of the right to provide this information to the Court under seal).  A true and correct copy of an e-mail chain memorializing this agreement between counsel is attached hereto as Exhibit A.

7. Although Vringo reserves its right to move the Court for a different designation of this document in the future, Vringo concedes that Exhibits C and F to Vringo's Motion to Compel should currently be treated as confidential and not disclosed publicly.

8. The e-mail chain in Exhibit F and the information in the Exhibit C interrogatory responses are not available to the public.

9. Exhibits C and F have not previously been filed with the Court and were exchanged in the course of discovery.

10. As such, Exhibits C and F are not judicial documents.

11. In addition, Vringo has redacted a portion of footnote one of its brief, which describes Vringo's communications with the NDRC, in an abundance of caution.

12. There is good cause to order the sealing of Exhibits C and F and the redacted

portions of the Motion to Compel.

13.     Accordingly, it is respectfully requested that the Court grant Vringo's Motion to Seal.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 23, 2015 in New York, New York.

_____
Amber Wessels-Yen, Esq.