UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| VRINGO INC. and VRINGO INFRASTRUCTURE, INC., | Civ. Action No. 14-cv-4988 (LAK)(FM) |
| Plaintiffs, | |
| -against- | |
| ZTE CORPORATION and ZTE (USA) INC., | |
| Defendants. | |

------------------------------------------------------------X

| | |
|---|---|
| ZTE CORPORATION, | Civ. Action No. 15-cv-0986 (LAK)(FM) |
| Plaintiff, | |
| -against- | |
| VRINGO INC. and VRINGO INFRASTRUCTURE, INC., | |
| Defendants. | |

------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO VRINGO'S MOTION TO COMPEL

Robert F. Perry
Paul A. Straus
David A. Joffe
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: 212.556.2100
Fax: 212.556.2222

Jeffrey J. Catalano
BRINKS GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611
Tel.: 312.840.3281
Fax.: 312.321.4299

ATTORNEYS FOR ZTE CORPORATION AND ZTE (USA) INC.

## PRELIMINARY STATEMENT

As Vringo's own motion shows, over the past month ZTE has sought to work constructively with Vringo to resolve any deposition-related disagreements between the parties, the vast majority of which have in fact been resolved. Thus, the parties have come to agreement on the number of party witnesses to be deposed, the length of the depositions, and the use of interpreters. *See* Vringo Mot. to Compel ("Motion") at 1 & Ex. B. Indeed, ZTE has even agreed to produce in the U.S. all but one of the China-based witnesses Vringo has thus far actually noticed. However, in view of the fact that both ZTE and Vringo are plaintiffs as well as defendants in the above-captioned cases, ZTE offered that the location of the depositions be split, with half taking place in the U.S. and half in Hong Kong. Rejecting this reasonable proposal, Vringo takes the uncompromising position that ZTE must agree in advance to produce all witnesses in the U.S., including witnesses whose ***identity is unknown*** to ZTE—because Vringo ***has not noticed*** them.

It moves this Court to enforce that uncompromising position by ordering these unknown ZTE witnesses to appear in the U.S. In so doing, Vringo improperly seeks an advisory opinion that would make it impossible for the Court to undertake the careful weighing of the relevant facts that the determination of the location of a deposition requires.

Vringo also seeks the U.S. deposition of ZTE's Chief Legal Officer Guo Xiaoming, a high-level, "apex" executive. This issue is premature because, as Vringo itself concedes, it is altogether unclear whether Mr. Guo has unique knowledge requiring him to be deposed. If it were to turn out his deposition is required, it should take place in Hong Kong. As Vringo sets forth in its motion, it seeks Mr. Guo's deposition on the basis of its allegations in Case No. 14-cv-4988 (LAK), in which ZTE is a defendant. *See* Mot. at 3. Because Vringo would be proceeding in its capacity as plaintiff, the general rule is that depositions of employees of defendants must be where they reside. Vringo has offered no reasons why the general rule should not apply here.

For the foregoing reasons, Vringo's motion should be denied.

# ARGUMENT

## A. This Court Should Not Order Unknown Individuals Deposed in the U.S.

"In general, depositions of employees of defendants and non-parties must be taken in the districts in which they reside while depositions of employees of plaintiffs are taken in the districts in which the plaintiffs choose to sue." *Univ. City Studios, Inc. v. Corley*, No. 00Civ.277 (LAK), 2000 WL 621120, at *4 (S.D.N.Y. May 12, 2000) (Kaplan, J.). The present motion implicates two separate cases, one filed by Vringo (No. 14-cv-4988) and a different case filed by ZTE (15-cv-0986). As the cases have been consolidated for discovery purposes, Vringo and ZTE are simultaneously plaintiffs and defendants. The most logical application of the general presumption would be to split the depositions between the U.S. and China—as ZTE has proposed to Vringo in the course of the parties' discussions. But this presumption is "merely a decision rule that facilitates determination when other relevant factors do not favor one side over the other." *Robert Smalls Inc. v. Hamilton*, No. 09 Civ. 7171(DAB)(JLC), 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010) (quotation omitted). "Ultimately, the determination of the matter rests in the discretion of the court and there <u>must be a careful weighing of the relevant facts</u>." *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011) (emphasis added) (quotations omitted). This fact-intensive inquiry requires the court to take into account the <u>individual</u> circumstances of each deponent.[1]

With its motion, Vringo seeks to have the Court issue an order that all ZTE witnesses, including those who have not yet been noticed, must be produced in the U.S. Such a blanket order would require the Court to issue an advisory opinion without any information upon which it can weigh the relevant facts. ZTE's potential witnesses may have any number of individualized circumstances—from work disruptions, to family issues, to visa problems—that

---

[1] *See, e.g., In re Fosamax Prods. Liability Litig.*, No. 1:06–MD–1789 (JFK)(JCF), 2009 WL 539858, at *2 (S.D.N.Y. Mar. 4, 2009) (because fact that "[deponent's] wife suffers from a progressive illness that requires his constant attention . . . should trump other factors . . . [the] deposition shall be conducted in Adelaide").

would strongly militate in favor of their deposition being conducted in China. But because these potential witnesses have not yet even been noticed by Vringo, there is absolute no way for this Court or for ZTE to know what those circumstances are. For this reason alone, Vringo's motion should be denied.

Vringo's argument that Hong Kong, ZTE's suggested situs in China, constitutes "a third forum," Mot. at 2 (emphasis removed), is a non-starter. ZTE suggested Hong Kong because that is effectively the only locale within China in which depositions can be conducted. *See generally*, *Tower Mfg. Corp. v. Shanghai ELE Mgf. Corp.*, 244 F.R.D. 125, 128 & nn. 6-7 (D.R.I. 2007).[2] If Vringo were correct that Hong Kong's special administrative status excludes it from being a Chinese resident's home forum, all Chinese deponents in every federal case would be required to come to the U.S. Unsurprisingly, that is not the case, as courts in the Southern District of New York and elsewhere routinely order Chinese witnesses to be deposed in Hong Kong. *E.g.*, *Munoz v. China Expert Tech., Inc.*, No. 07 Civ. 10531(AKH), 2011 WL 5346323, at *3 (S.D.N.Y. Nov. 7, 2011) (ordering that "[p]ersons resident in China will be produced for examination in Hong Kong").[3]

### B. The Deposition of ZTE's Chief Legal Officer Should Take Place in China

As to the witnesses that have actually been noticed, the parties have a disagreement as to only a single witness: Guo Xiaoming, ZTE's Chief Legal Officer. As Vringo concedes, it is not yet clear whether that deposition is required. *See* Mot. Ex. B at 7 (offering to "withdraw [Mr. Guo's] deposition notice if, by June 28, 2015 . . . it is clear that he has no unique knowledge").

---

[2] Vringo is presumably well aware that "Hong Kong is part of the People's Republic of China." *Id*. at 125.

[3] Vringo also vaguely alludes to ZTE's "prior behavior in this litigation," which it believes will require "the Court's assistance in resolving disputes during the deposition." Mot. at 2. Vringo provides no specific examples of this "prior behavior," and ZTE strongly objects to its reliance on abstract innuendo to question ZTE's good faith in the discovery process. In any case, because the parties have agreed that each deposition may take place over two days, time-zone differences would present no obstacle to supervision by this Court.

In any case, Vringo "believe[s] [Mr. Guo] has unique information related to this litigation" on the basis of "[its] current Complaint" in Case No. 14-cv-4988 (LAK). Mot. 3. Mr. Guo is a defendant witness in that case, and Vringo is seeking to depose him in its capacity as plaintiff.. In determining the situs of a deposition, courts apply a "presumption that a defendant . . . shall be deposed in the district where the deponent resides or has a principal place of business." *Devlin v. Transp. Commc'ns Int'l Union*, Nos. 95 Civ. 0752 (JFKXJCF), 95 Civ. 10838(JFK)(JCF), 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000). "This presumption applies with particular force where the witnesses are high-ranking officers and employees whose absence from their workplace would have an adverse impact on the functioning of the business." *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784(WHP), 2012 WL 2108220, at *4 (S.D.N.Y. June 11, 2012) (quotation omitted).

This presumption applies in full to Mr. Guo. As ZTE's Chief Legal Officer, Mr. Guo is a high-ranking executive who has at most a tangential relationship to the facts of this case and whose travel to the U.S. would be unnecessarily disruptive to ZTE and would adversely affect ZTE's affairs. *E.g.*, *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 108 (S.D.N.Y. 2001) (declining to compel U.S. deposition of Japanese executives "whose busy schedules would obviously be disrupted by a trip to the United States"). Because Vringo has offered the Court no facts to rebut this presumption, Vringo's motion to compel Mr. Guo's deposition in the U.S. should be denied.

Dated: New York, NY
June 3, 2015

                          KING & SPALDING LLP

                          <u>/s/ Paul A. Straus</u>
                          Robert F. Perry
                          Paul A. Straus
                          David A. Joffe
                          KING & SPALDING LLP
                          1185 Avenue of the Americas
                          New York, NY 10036
                          Tel: 212.556.2100
                          Fax: 212.556.2222

                          BRINKS GILSON & LIONE
                          Jeffrey J. Catalano
                          BRINKS GILSON & LIONE
                          NBC Tower – Suite 3600
                          455 North Cityfront Plaza Drive
                          Chicago, IL 60611
                          Fax.: 312.321.4299
                          Tel.: 312.840.3281


                          ATTORNEYS FOR ZTE CORPORATION
                          and ZTE USA INC.