# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Paul A. Straus
Partner
Direct Dial: +1 212 556 2136
Direct Fax: +1 212 556 2222
Mobile: +1 917 696 8804
pstraus@kslaw.com

July 21, 2015

**BY ECF**

Honorable Frank Maas
Chief United States Magistrate Judge
United States Courthouse
500 Pearl Street
Courtroom 20A
New York, NY 10007-1312

    Re:    *Vringo, Inc. et al. v. ZTE Corp. et al.*, Case No. 1:14-cv-4988 (LAK)
             *ZTE Corp. v. Vringo, Inc. et al.*, Case No. 15-cv-0986 (LAK)

Dear Judge Maas:

      On behalf of ZTE, I write to respond to the July 21 "update" letter of Karl Geercken. That letter is not, in fact, an update, but rather a new, third, roving motion for sanctions. As in its prior motion, Vringo ignores its prior arguments for sanctions in light of ZTE's extensive and voluminous productions, including several follow-up responses in which ZTE elaborated on its answers with a more granular level of detail. Combing through ZTE's voluminous responses in a desperate effort to manufacture a dispute, Vringo now digs up a third set of all-new perceived deficiencies. Vringo's arguments for sanctions are without merit. Simply put, Vringo is using discovery as a tactical bludgeon.

      Vringo's entire letter is based on the erroneous premise that ZTE is "withholding" documents or information. To be absolutely clear: ZTE is ***not*** withholding anything. To the contrary, ZTE has produced over 7,400 pages of fully text-searchable documents in Case No. 4988 alone and over twenty pages of interrogatory answers (including supplemental answers provided at Vringo's request that contained a more granular level of detail than ZTE is required

to provide, or that Vringo provided).[1]  ZTE has also produced two witnesses for deposition, with a third scheduled next week, all before Vringo has produced a single witness.

Ignoring the extensive discovery materials it has received, Vringo instead crafts its letter to give the impression that ZTE is sitting on reams of additional documents and information that it is refusing to provide to Vringo.  That is not the case.  What Vringo is actually complaining about is that the materials provided in ZTE's thorough and voluminous discovery responses do not match Vringo's own wishlist of materials that would be maximally helpful to its case – all of which, Vringo insists, simply <u>must</u> exist.  But that is no more than Vringo's speculation, and it does not provide a basis for sanctions.

<u>ZTE Is Not Withholding Interrogatory Responses</u>

ZTE is not withholding information in response to Vringo's interrogatories.  As set forth in ZTE's prior responses to Vringo's repeated sanctions motions, ZTE provided initial interrogatory responses with exactly the same level of detail as Vringo's responses.  Nevertheless, Vringo took issue with the level of detail ZTE had provided.  For example, Vringo insisted that ZTE's response to interrogatories calling for "communications" include a catalog of every responsive communication.  ZTE agreed to supplement its responses with any additional communications that it ascertained upon a reasonable inquiry and search.  But Vringo now insists that this is not enough.

Vringo's assertions regarding the deposition testimony of Hu Yi exemplify its abusive approach to discovery.  Mr. Hu did testify, as Vringo notes, that Hu Xin communicated with the NDRC.  But, contrary to Vringo's assertion, ZTE's prior discovery responses identify those very communications in granular detail (as ZTE already explained in its response to the first of Vringo's seriatim sanctions motions, Dkt. No. 119 at 4), and Vringo's rehashed allegation to the contrary is patently false.  And Vringo's allegation that ZTE failed to identify Mr. Hu's own meeting with the NDRC is also completely off base, as Vringo must itself be aware, given that the minutes of that very meeting are quoted three paragraphs later in Vringo's <u>own</u> <u>letter</u>.

Vringo's letter also focuses on ZTE's responses to Interrogatory Nos. 4 & 6, which Vringo baselessly concludes ZTE somehow "ignored."  In fact, on July 6, 2015, ZTE confirmed with Vringo's counsel that it will further supplement its responses to Interrogatory Nos. 4, 5, and 6 with communications relating to the PowerPoint, Confidential Information, and/or Vringo Statements.  Vringo did not object to this confirmation.  ZTE then conducted a reasonable follow-up inquiry and search, which did not reveal any additional communications responsive to Interrogatory Nos. 4 & 6 beyond what ZTE had already disclosed in its extensive document production.  Accordingly, ZTE did not provide additional information for Interrogatory Nos. 4 & 6 because there was no additional information to provide.  However much Vringo may not like that fact, it is not a ground for sanctions.

---

[1]    Vringo, on the other hand, over a week after the deadline for substantial completion of document production, has still not produced document-level OCR text files for the vast majority of its production.

ZTE Is Not Withholding Documents

ZTE has produced over 7,400 pages of documents. Those documents were collected from ZTE custodians by an outside vendor who imaged the custodians' computers and uploaded them to a secure database. Those documents were then searched according to instructions provided by outside counsel, and were then reviewed by outside counsel for responsiveness and privilege. Nothing about this process is even remotely sanctionable.

Vringo, however, complains about the production with respect to a single custodian – Guo Xiaoming, the General Counsel of ZTE. Vringo's complaint is not that Mr. Guo's documents were not produced. In fact, as Vringo admits, ZTE has produced over six hundred pages of Mr. Guo's emails. Nor does Vringo allege that any of Mr. Guo's documents were improperly withheld. Rather, Vringo takes issue with the manner in which Mr. Guo's emails were searched. Specifically with respect to this apex custodian, in order to avoid the need to create an image of Mr. Guo's, an initial search was performed by searching and reviewing the documents on his computer. ZTE respectfully submits that this was a reasonable search and review process, especially in light of the more than six hundred pages of indisputably responsive emails produced from Mr. Guo's computer.

Finally, ZTE is not withholding any "recording." Contrary to Vringo's characterization, Mr. Hu did not "admit" that ZTE made a recording; he said, based solely on the document, that it was "possible" there was an audio recording. Hu Tr. 586:20-22. In any event, ZTE has been looking into this issue, as well as the dozens of other document requests Vringo has made at depositions of ZTE witnesses (which include, among other things, a request for a copy of ZTE employee Shen Nan's passport, and a request for a copy of a poster hanging on the wall in ZTE's corporate headquarters). ZTE will produce any additional responsive materials it locates after a reasonable inquiry.

In short, despite Vringo's increasingly abusive efforts to find something, anything that ZTE has failed to produce, there has been and continues to be absolutely no basis for the sanctions Vringo requests.

Respectfully submitted,

Paul A. Straus

cc:   All Counsel (by ECF)