UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

VRINGO, INC., et ano.,

                    Plaintiffs,

        -against-                                      14-cv-4988 (LAK) (FM)

ZTE CORPORATION, et ano.,

                    Defendants.

------------------------------------------------------------x

ZTE CORPORATION,

                    Plaintiff,

        -against-                                      15-cv-0986 (LAK) (FM)

VRINGO, INC., et ano.,

                    Defendants.

------------------------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Vringo's motion to compel Guo Xiaoming's deposition and to produce documents [14-cv-4988 (LAK) DI 158, 15-cv-0986 (LAK) DI 107] is granted in each and every respect. Without limiting the generality of the foregoing, the deposition shall take place in New York on a date or dates agreed upon by the parties in a written stipulation filed with the Court or, if no such stipulation is executed within one week from the date of this order, a date or dates fixed by Magistrate Judge Maas. Among other considerations, it is essential, given the history of this litigation, that the deposition take place here in order to permit immediate resolution of disputes during the deposition. The ordinary default position that depositions of out-of-state defendants' personnel should take place in the area where they work does not apply here because, among other things, Guo Xiaoming's employer, ZTE, is a plaintiff in one of these cases and thus voluntarily chose to litigate in this forum. Moreover, as Magistrate Judge Maas already has observed, this individual is not a class "apex" witness. And even if he were, the motion would be granted anyway. *See, e.g., Chevron Corp. v. Donziger*, No. 11-cv-691 (LAK), 2013 WL 1896932 (S.D.N.Y. May 7,

2

2013) (requiring deposition of chief executive officer of plaintiff Chevron); *Speadmark, Inc. v. Federated Dep't Stores, Inc.*, 176 F.R.D. 116 (S.D.N.Y. 1997) (requiring deposition of chief executive officer of defendant Federated).

It preliminarily appears that ZTE's opposition to this motion was entirely frivolous and, in any case, interposed for purposes of delay and harassment. Accordingly, Messrs. Perry and Strauss and ZTE shall show cause, on or before August 7, 2015, why they should not be sanctioned, pursuant to Fed. R. Civ. P. 11(c)(2) on the ground that their opposition to Vringo's motion violated Fed. R. Civ. P. 11(b), and, in any case, why they should not be required, pursuant to Fed. R. Civ. P. 37(a)(5)(A), to pay the movant's reasonable expenses incurred in making this motion, including attorney's fees.

Any disputes concerning the date, time, duration and other matters arising in or in connection with this deposition and the document production required by this order are referred to Magistrate Judge Maas.

SO ORDERED.

Dated:      July 24, 2015

_____
Lewis A. Kaplan
United States District Judge