Karl Geercken
Amber Wessels-Yen
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Email: karl.geercken@alston.com
      amber.wessels-yen@alston.com

Mark McCarty
ALSTON & BIRD LLP
1201 West Peachtree St.
Atlanta, GA 30309
Telephone: (404) 881-7861
Email: mark.mccarty@alston.com

*Attorneys for Vringo, Inc. and Vringo Infrastructure, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **VRINGO, INC., and**<br>**VRINGO INFRASTRUCTURE, INC.**<br><br>                           **Plaintiffs,**<br>v.<br><br>**ZTE CORPORATION, and**<br>**ZTE USA Inc.,**<br><br>                           **Defendants** | **Civ. No. 14-cv-4988 (LAK)** |
| **ZTE CORPORATION,**<br><br>                           **Plaintiff,**<br>v.<br><br>**VRINGO, INC., et ano.**<br><br>                           **Defendants** | **Civ. No. 15-cv-0986 (LAK)** |

**<u>VRINGO'S OPPOSITION TO ZTE'S MOTION TO MODIFY THE COURT'S ORDER</u>**
**<u>REGARDING THE DEPOSITION LOCATION OF GUO XIAOMING</u>**

## Introduction

After being ordered to produce Guo Xiaoming for deposition in New York, ZTE now admits – through its new counsel – the true reason for opposing Mr. Guo's deposition in the U.S.: Mr. Guo is a target of a U.S. criminal investigation involving ZTE's alleged violation of Iran sanctions and does not want to travel to the U.S. for fear of being detained or arrested. ZTE not only hid this fact from the Court but also from its own counsel.

While Vringo understands Mr. Guo's dilemma, Mr. Guo should still be compelled to appear in New York: *First*, ZTE *voluntarily* chose to litigate in the U.S., where it knew Mr. Guo would not appear. Indeed, given Mr. Guo's *personal* involvement in ZTE's world-wide litigation with Vringo, ZTE should have expected Mr. Guo to be deposed in the U.S. *Second*, even with a Magistrate Judge present, there is no way to control Mr. Guo's conduct at a voluntary deposition outside of the U.S. *Third*, Mr. Guo is under active investigation by the FBI for his *personal* involvement in covering up and spoliating evidence of ZTE's alleged violation of Iran sanctions. In light of these allegations, it is important that Mr. Guo be ordered to appear in New York, where his deposition can take place under this Court's supervision. *Finally*, Mr. Guo *directed* ZTE's lobbying of the NDRC, which resulted in the NDRC *ordering* Vringo to appear in China. A Vringo employee was twice forced to meet with the NDRC in China under threat of *criminal prosecution*. Mr. Guo should be afforded no different treatment. Accordingly, Vringo respectfully requests that this Court's Order be kept in place.

## Facts

ZTE first refused to produce Mr. Guo for deposition, arguing that he was an "apex" witness who "has at most a tangential relationship to the facts of this case." (Dkt. 122, p.4.) It was later uncovered that Mr. Guo *personally directed* ZTE's litigation against Vringo. (Dkt. 158). On July 24, 2015, this Court ordered that the deposition of Mr. Guo shall take place in

1

New York. (Dkt. 167).

On July 31, 2015, Alston & Bird received a phone call from ZTE's new counsel advising that it had been retained by ZTE to deal with the deposition of Mr. Guo. For the first time, ZTE revealed that (1) a grand jury investigation is underway in federal court in Texas alleging that ZTE violated U.S. sanctions against Iran, (2) Mr. Guo is a potential target of the investigation, and (3) Mr. Guo did not want to travel to the U.S. for fear of being detained or arrested. ZTE asked Vringo to agree that Mr. Guo could be deposed voluntarily in Hong Kong, and stated that, if Vringo did not agree, ZTE would file a motion to modify the Court's Order.

ZTE referred Vringo to The Smoking Gun website, which includes portions of an FBI affidavit related to Mr. Guo. *See* http://www.thesmokinggun.com/file/zte-iran-deal, copied at Exh. A. The FBI affidavit alleges that Mr. Guo suggested scenarios to obscure ZTE's violation of Iran sanctions and discussed whether to destroy documents and alter one incriminating document. (Exh. A at ¶¶ 31, 35, 41.) The affidavit also alleges that ZTE had contacted the Chinese government, which was prepared to advise ZTE that complying with a U.S. administrative subpoena would be a violation of Chinese law. (*Id.* at ¶ 39.)

Vringo is not willing to assist Mr. Guo in evading U.S. authorities. It therefore advised ZTE that it would not agree that Mr. Guo's deposition could take place outside of the U.S.

### Argument

*I.  Mr. Guo Should Appear in New York as Ordered*

As this Court noted, ZTE **voluntarily** chose to litigate in the U.S. (Dkt. 167). At the time it brought suit, ZTE was well aware of Mr. Guo's personal involvement in directing the Vringo litigation and that a criminal investigation involving Mr. Guo had been pending since at least 2012. As such, ZTE has always known that Mr. Guo would not step foot in the U.S. Yet, ZTE concealed Mr. Guo's unwillingness to appear in the U.S. from this Court ***and its own U.S.***

2

*counsel* (Dkt. 199, n. 1). ZTE's conduct in the litigation thus far, its concealment of Mr. Guo's actual motivation for resisting a deposition in the U.S., and the FBI's allegations implicating Mr. Guo all demonstrate that this Court's supervision is required for his deposition. *See also Doe v. Karadzic,* no. 93-CV-878, 1997 WL 45515 (S.D.N.Y. Feb. 4, 1997).

ZTE's suggestion that Mr. Guo's deposition should take place in Hong Kong or another country is not workable because Mr. Guo will be appearing solely on a voluntary basis.[1] *See S.E.C. v. Sabhlok,* No. C 08-4238, 2009 WL 3561523 (N.D. Cal., Oct. 30, 2009) (holding that a "voluntary" deposition in Hong Kong was not an acceptable substitute for compelled testimony in the U.S.) If Mr. Guo chooses at any time to simply stop cooperating, stop answering questions and/or leave the deposition, he cannot be recalled or compelled to provide any testimony, regardless of whether a U.S. Judge is present. In addition, Mr. Guo directed ZTE's lobbying of the NDRC to exert pressure on Vringo, which resulted in the NDRC ***ordering*** Vringo to appear before it in China to answer questions. David Cohen, Vringo's Chief Legal and IP Officer, was forced to travel twice to China, where the NDRC threatened to bring criminal charges against Vringo's employees. Dkt No. 145, ¶¶ 118-121. Mr. Guo should be afforded no different treatment in the U.S. than the treatment afforded to Vringo in China.

## II.     *Fear of Arrest Should Not Serve as Grounds to Modify this Court's Order*

As ZTE concedes, *Karadzic* holds that the pendency of criminal charges is not a factor in the location of a deposition, as any other result would place the Court in the role of assisting the witness's efforts to evade apprehension. 1997 WL 45515 at *5. As a result, this Court's prior decision compelling Mr. Guo's deposition should not be modified.

The issue of whether to require Mr. Guo to appear for deposition in the U.S. (as well as

---

[1] China will not execute Hague Evidence Convention requests for depositions, and Mr. Guo cannot be compelled to testify in a third country in which he does not reside.

3

the extent to which he should be sanctioned for any refusal to appear) is within this Court's broad discretion. In *Securities and Exchange Commission v. Tomo Razmilovic*, 738 F.3d 14 (2d Cir. 2013), a civil defendant in an SEC case was also the subject of a criminal indictment and was deemed a fugitive. The defendant offered to be deposed in Sweden, or via videoconference, and when the SEC rejected this offer, the district court ordered him to appear in the U.S. *Id.* at 20. The district court then granted default judgment against him for his non-compliance, and the Second Circuit upheld the sanction of default judgment as within the district court's exercise of discretion, holding that defendant's insistence that he would not appear for his deposition in New York "made plain that his disobedience was willful and intentional." *Id.* at 26.[2]

The U.S. Court of Claims similarly upheld a trial judge's discretion to require a deposition in the United States where plaintiffs were under indictment in the U.S. but resided in Canada, and argued that they must therefore be deposed in Canada. *Hansen v. United States*, 229 Ct. Cl. 660, 663 (1981).

**Conclusion**

Vringo respectfully requests that this Court maintain its Order compelling Mr. Guo to appear for his deposition in the U.S. Vringo also respectfully requests sanctions against ZTE for hiding Mr. Guo's unwillingness to come to the U.S. and, instead, litigating the issue of apex doctrine. ZTE itself should be ordered to compensate Vringo for all fees and expenses associated with Vringo's motions to compel the deposition of Mr. Guo in the U.S.

If the Court maintains its Order compelling Mr. Guo to appear for his deposition in the U.S., and Mr. Guo still refuses to appear for his deposition, Vringo will separately brief the issue

---

[2] This willful and intentional disobedience by a public company's general counsel is very different from the predicament faced by indigent and/or asylum-seeking individuals, as in *Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385 (2011) and *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591 (1994).

of the appropriate adverse inferences that should be drawn as a result of Mr. Guo's documents and his refusal to appear.

Dated: August 6, 2015

                                                                             /s/ Amber Wessels-Yen
                                                      KARL GEERCKEN
                                                      AMBER WESSELS-YEN
                                                      Alston & Bird LLP
                                                      90 Park Avenue
                                                      New York, New York 10016
                                                      Telephone: (212) 210-9400
                                                      Email: karl.geercken@alston.com
                                                                   amber.wessels-yen@alston.com

                                                      MARK MCCARTY
                                                      Alston & Bird LLP
                                                      1201 West Peachtree St.
                                                      Atlanta, GA 30309
                                                      Telephone: (404) 881-7861
                                                      Email: mark.mccarty@alston.com

                                                      *Attorneys for Vringo, Inc. and Vringo Infrastructure, Inc.*