UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VRINGO INC. and VRINGO                                    Civ. Action No.
INFRASTRUCTURE, INC.,                                     14-cv-4988 (LAK)

                Plaintiffs,

      -against-

ZTE CORPORATION and ZTE (USA) INC.,

                Defendants.
------------------------------------------------------------X
ZTE CORPORATION,                                          Civ. Action No.
                                                          15-cv-0986 (LAK)

                Plaintiff,

      -against-

VRINGO INC. and VRINGO
INFRASTRUCTURE, INC.,

                Defendants.
------------------------------------------------------------X

### DECLARATION OF ROBERT F. PERRY IN RESPONSE TO *SUA SPONTE* SANCTIONS ORDER TO SHOW CAUSE

I, ROBERT F. PERRY, declare under penalty of perjury as follows:

1.      I am a member of the law firm of King & Spalding LLP, which currently represents ZTE Corporation and ZTE (USA), Inc. (collectively, "ZTE") in the above-captioned actions. I submit this in response to the Court's sua sponte order to show cause regarding sanctions dated July 24, 2015.

2.      I am the Managing Partner of the New York Office of the firm and I have been practicing law for approximately 26 years. I have never been sanctioned by any court or

administrative body; and prior to this litigation I have never been the subject of an application or order to show cause for sanctions.

3.  I am the relationship partner for firm clients ZTE Corporation and ZTE (USA) Inc., and I have represented these ZTE entities since approximately the beginning of 2014 in matters related to patent litigation filed in the United States against the companies.

4.  I have reviewed the Vringo Motion to Compel the Deposition of Mr. Guo, ZTE's Chief Legal Officer, located in China, which was filed with this Court on July 21, 2015. I have also reviewed the response prepared by King & Spalding in opposition to that motion (the "Opposition") which was filed on July 23, 2015.

5.  In addition to the filings related to the Motion to Compel the Deposition of Mr. Guo I reviewed the transcript of the arguments made by Vringo and ZTE attorneys based on an earlier motion filed by Vringo to compel the deposition of Mr. Guo, which was filed on June 1, 2015 and argued before Magistrate Judge Maas on June 15, 2015.

6.  In the Opposition there was no intent by me, or others working on the case with me, to delay the action or to harass Vringo or its counsel. The Opposition was made in good faith and was primarily based on the Order of Magistrate Judge Maas dated June 16, 2015 that: "The Court reserves decision regarding Mr. Guo's deposition, which shall, if necessary, follow those of other ZTE Corporation and ZTE USA Inc. witnesses," and on Judge Maas's rulings during the June 15, 2015 telephone conference acknowledging ZTE's argument that "perhaps there are others who could fill in the blanks and make his deposition unnecessary, and it seems to me that the process of depositions should proceed so that that premise can be tested." It was my good faith belief that the documents cited by Vringo in its Motion to Compel showed that numerous ZTE executives were far more directly involved in matters relating to this litigation

than was Mr. Guo, and thus following the Magistrate's Order and rulings would help determine whether Mr. Guo's testimony was really necessary to the case given the availability of other witnesses who reported to Mr. Guo and had a better view of the facts surrounding the issues related to Vringo's various assertions around the world against ZTE entities.

7. I am aware that through its new counsel, ZTE recently filed a Memorandum of Law in Support of ZTE's Motion to Modify the Court's July 25, 2015 Order (Doc. No. 199), in which it explained that Mr. Guo is unwilling to travel to the U.S. because he risks detention or arrest at the border in connection with an unrelated criminal investigation. At the time of filing ZTE's Opposition, I was not aware that Mr. Guo was unwilling to travel to the U.S. or that he risked detention or arrest at the border in connection with an unrelated criminal investigation.

8. Further, the opposition was not interposed in order to delay the litigation or the completion of discovery, or to avoid producing Mr. Guo for a deposition. On July 22, 2015—the day before ZTE's Opposition was filed—the parties had signed and submitted to the Court their Joint Stipulation for Extension of Discovery, in which ZTE committed that for any witnesses who must be deposed in the U.S. and who were not able to obtain visas by the new fact discovery deadline, ZTE would produce those witnesses as soon as they were able to obtain the necessary visas. *See* Doc. No. 162 at 2-3.

Dated: August 7, 2015

_____
Robert F. Perry